## WILLINGHAM *v.* CITY OF DEARBORN.

1. TRIAL—PRETRIAL STATEMENT.

The pretrial statement, or summary of results of the pretrial conference, controls the triable issues, in the absence of modification at or before the trial in order to prevent manifest injustice (Court Rule No 35, as amended in 1958).

2. MUNICIPAL CORPORATIONS—BUILDING PERMIT—MANDAMUS—SETBACK LINES—ORDINANCE.

Mandamus to compel defendant to issue building permit to plaintiff to erect a 20' x 60' service garage on his otherwise-used residence lot was properly issued, where compliance with pertinent ordinance requirements at time application had been made, the denial of defendant city's motion to amend answer and pretrial statement to permit it to interpose subsequently-enacted ordinance requiring observance of a 160' setback line, not being an abuse of discretion (Court Rule No 35, as amended in 1958).

CARR, SMITH, and EDWARDS, JJ., dissenting.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 7, 1959.   (Docket No. 17, Calendar No. 47,996.)   Decided February 25, 1960.

Mandamus by Cecil Willingham against the City of Dearborn, a municipal corporation, its officers and agents, to compel issuance of building permit.   Judgment granting writ.   Defendants appeal.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1]   53 Am Jur, Trial § 11.
Binding effect of court's order entered after pretrial conference. 22 ALR2d 599.

[2]   9 Am Jur, Buildings § 9.
Change in law pending application for permit or license.   169 ALR 584.

*James Thomson,* for plaintiff.

*Ralph B. Guy, Jr.,* Corporation Counsel, and *Frederick G. Weideman,* Assistant Corporation Counsel, for defendants.

BLACK, J. Pursuing requirement of a then-existing zoning ordinance of the city of Dearborn, plaintiff applied to the city for a building permit. His purpose was that of construction of a service garage, measuring 20 feet in width by 60 feet in length, on his otherwise-used residence lot fronting Telegraph road. According to the city, plaintiff's application was denied at the time as "incomplete," principally on account of failure of plaintiff to specify, in the application, a "minimum 160 feet setback from front property line to front of building to comply with established setback line for all other buildings in this block."

At the time of such denial no ordinance required any such setback of construction. And the allegation of "incomplete" application was found below as being without substance aside from the city's ordinance-unsupported demand for specification of such minimal setback.

This petition, for mandamus to compel issuance of a permit according to such application, was filed January 31, 1958. Issue was joined February 6, 1958. May 13, 1958, the pretrial hearing was conducted and the required pretrial statement was prepared and filed. At the opening of hearing upon the pleaded issues (July 24, 1958) the defendant city filed a pleading headed "Notice to court of amendment of city ordinance and amended and supplemental answer to petition for peremptory writ of mandamus." By such pleading the city sought to interpose an additional defense by way of a new and amendatory or-

dinance,* adopted by the city council June 3, 1958, the essence of which appears in the margin.

The pleading included formal motion for leave to amend the city's answer, and to amend the pretrial statement, so as to include such proposed additional defense. The trial judge, manifestly and understandably irked by such *pendente* legislation and its suit-defensive purpose, refused to permit the amendment and went on to decide the issues the parties had presented by their original pleadings and the specifically worded pretrial statement. He said:

"The court can place no other construction on this activity on the part of the legislative or ·executive branches of government than to take care of a new situation presented by the facts in this case and perhaps to be used as a medium wherein and whereby the petitioner would be stopped in his desire to use his property in a manner that would not cause an injustice to either himself or the city of Dearborn.

"It can be seen at once in this record as made that if this petitioner had to build his building 160 feet back from the lot line there would be a considerable amount of frontage that he would either have to make into a parking lot or grounds unusable—or perhaps make it into a garden atmosphere that could be of some worth to the vicinity as a whole."

The pretrial statement (now termed "a summary of the results of the pretrial conference"†), not having been "modified at or before the trial to prevent manifest injustice," controlled and limited the triable

---

* By the amendatory ordinance plaintiff's property became zoned in such way as to prohibit construction and use of the proposed service garage building according to the plan of plaintiff's said application. The amendment provides:

"Sec. 603.2. Influence of existing buildings on depth. Where a front yard of greater or less depth than required in section 603.1 exists in 50% of buildings on one side of a street on any block, the depth of front yard of any building subsequently erected or placed on any 1 of such lots shall not be less, and need not be greater, than the average depth of the front yards of such existing buildings."

† See amendments of Court Rule No 35, 352 Mich xv-xvii.

issues. They were the issues the parties had pleaded. It is not claimed that denial of modification thereof amounted to an abuse of discretion or that such modification was necessary "to prevent manifest injustice." Indeed, the whole record considered, injustice to plaintiff might have resulted from any such last-minute order providing a defense which did not exist when the petition was filed. And so I would hold that the pleadings and pretrial statement excluded and now exclude consideration of the aforesaid amendatory ordinance as a possible bar against mandamus in this case.

I discover no error and vote to affirm, with costs to plaintiff.

DETHMERS, C. J., and KELLY and KAVANAGH, JJ., concurred with BLACK, J.

CARR, J. (*dissenting*). Plaintiff and his wife are the owners of a lot fronting on Telegraph road in the city of Dearborn. In December, 1957, plaintiff filed an application with the department of public works of defendant city for a building permit covering the construction of a service garage on said lot. The application was denied for a number of stated reasons, including the claim on behalf of defendants that it was incomplete. Plaintiff did not seek review by the zoning board of appeals of the city.

On January 31, 1958, plaintiff filed his petition in the circuit court of Wayne county asking that a writ of mandamus issue requiring defendants to grant the permit. Defendants filed answer to the petition, and on March 26th following, the cause was praeciped as ready for trial. A pretrial hearing was held on May 12th following, and the statement filed by the circuit judge conducting such hearing set forth the claims of the parties. It was the position of the plaintiff that he was entitled to the permit under the ordinance

of the city, that it had been refused because he had declined to construct his building 160 feet back from the front lot line, and that he was not bound by what other property owners in the block had done in such respect. Defendant city asserted that the application was not complete, and that the intention of the plaintiff was to use the building for purposes not permitted under the zoning ordinance except by approval of the zoning board. Counsel for defendants further asserted that it was desired that plaintiff place his building in such manner as to conform with the setback line for other buildings in the block. The statement made no reference to the pleadings in the case.

Following the pretrial hearing the city council adopted an amendment to the zoning ordinance of the city, the amended section reading as follows:

"Sec. 603.2. Influence of existing buildings on depth. Where a front yard of greater or less depth than required in section 603.1 exists in 50% of buildings on one side of a street on any block, the depth of front yard of any building subsequently erected or placed on any 1 of such lots shall not be less, and need not be greater, than the average depth of the front yards of such existing buildings."

The amendment quoted was adopted on June 3, 1958, and went into effect on June 12th following.

The cause was brought on for hearing on July 24, 1958. At the outset thereof counsel for defendants presented a motion or petition for leave to amend their answer and also asked for an amendment to the pretrial statement, in such manner as to set up the amendment to the zoning ordinance. The motion was denied by the trial judge as appears from a colloquy between court and counsel following the introduction of testimony. In rejecting defendants' claim

that the amendment to the ordinance should be considered, the judge stated that:

"We have to try this lawsuit on the conditions imposed by law at the time the petition was filed."

The position indicated by the quoted statement was further emphasized by a positive refusal to give consideration to the amendatory ordinance together with the statement that the mandamus proceeding had been started in January, 1958. A writ of mandamus was issued in accordance with the petition therefor, and defendants have appealed.

The primary question at issue is whether the trial judge was in error in refusing to permit the answer of the defendants, and the pretrial statement, to be amended in the manner indicated. Michigan Court Rule No 35, as amended effective July 1, 1958,* provides that the summary of the results of the pretrial hearing "controls the subsequent course of the action unless modified at or before trial to prevent manifest injustice." The trial judge did not base his denial of the motion for leave to amend on rule provisions relating to the pretrial conference. No reference was made to the rule above cited, or to the local rule of the Wayne circuit pertaining to such conference. As indicated, denial was based on the theory that the issue in the cause must be determined in accordance with the law, including the municipal ordinance, existing at the time the mandamus proceeding was instituted. The action taken thus precluded defendants from relying on the amendment, which by its terms became effective prior to the trial and the determination of the issue as to plaintiff's right to the permit.

In *City of Lansing* v. *Dawley*, 247 Mich 394, suit was brought by the plaintiff city and others to en-

---

* See 352 Mich xv–xvii.—REPORTER.

force a zoning ordinance by restraining defendant from erecting a building on a city lot in alleged violation of said ordinance. In April, 1927, a permit for the construction of defendant's proposed building was denied, but in subsequent litigation the ordinance of the city was held invalid and the issuance of the permit was compelled by court order. In June, 1927, a valid ordinance covering the same subject matter was passed by the common council, effective July 24, 1927. Thereafter the city of Lansing returned the fee that defendant had paid and advised him that the permit had been revoked. The defendant ignored the notice, and the suit for injunctive relief to restrain the construction of the proposed building was instituted. It will be noted that the permit was issued prior to the enactment of the ordinance on which the injunction suit was predicated. The court found, however, that defendant Dawley had not done anything of a substantial character toward the construction of his proposed building prior to the time that the valid ordinance was adopted. It was accordingly held that he had acquired no vested right to proceed with the construction in violation of the ordinance, and this Court affirmed the decree of the circuit court in favor of the plaintiffs.

In the case at bar no permit was issued to plaintiff for the construction of the service garage, and it does not appear from the record that he is in position to claim that he acquired any vested right to the permit or to proceed with the desired construction in disregard of the amendment to defendant city's zoning ordinance, assuming the validity and applicability of said amendment. By the action of the trial judge defendant city was foreclosed from relying on the amendatory ordinance to which the general presumption of validity applies. One asserting the invalidity of a municipal ordinance, or other legislative action,

has the burden of establishing his claim in such respect.

In accord with the holding of this Court in the *Dawley Case* is the decision of the Pennsylvania court in *Aberman, Inc.,* v. *New Kensington,* 377 Pa 520 (105 A2d 586). It was there held that:

"A municipality may properly refuse a building permit for a land use repugnant to a pending and later enacted zoning ordinance even though application for the permit is made when the intended use conforms to existing regulations, provided, that no permit has been issued and relied on, in good faith, to the substantial detriment of the holder of the permit." (Syllabus.)

Said case was cited and followed in *Shender* v. *Zoning Board of Adjustment,* 388 Pa 265 (131 A2d 90).

Also of interest is the decision of the New Jersey superior court in *Solomon* v. *Goldberg,* 11 NJ Super 69 (78 A2d 118). Suit was brought by the plaintiff in said case to recover under a real-estate brokerage agreement. Defendants by their answer did not affirmatively plead as a defense that plaintiff, who was not licensed as a broker, was not entitled to maintain an action to recover for the services that he claimed he had rendered. The question apparently was not raised in the trial court until after the case had been heard and the trial judge had filed his opinion. Defendants then by motion asked that the decision indicated by the opinion be set aside and judgment entered in favor of the defendants, or, in the alternative, that a new trial be granted with leave to amend the answer. That motion was denied. The question of such defense had not been raised at the pretrial conference, and on appeal it was contended by plaintiff that the defense sought to be interposed had not been properly raised. In reversing and remanding with direction to enter

judgment for defendants the appellate court, speaking through Judge Brennan, held that the general rule should not be applied for the reason that (p 75):

"The public policy of this State is not to lend unlicensed brokers the aid of the courts to enforce their brokerage agreements."

It was further declared that inasmuch as the question had been raised before entry of judgment "defendants' motion for judgment in their favor should have been granted in the interest of the due administration of justice and in furtherance of this public policy." The facts in the New Jersey case are not analogous to those in the case at bar. However, it may well be claimed that the principle announced is applicable here. Certainly it is not the policy of the State of Michigan to permit evasions of valid and pertinent zoning ordinances in instances where no vested rights have been acquired by the property owner.

In the instant case the amendatory ordinance became effective prior to the trial of the mandamus action, but it was not in force when the pretrial conference was held. Defendants could not have sought leave at that time to amend their answer, and apparently no discussion was had with reference to such possible action. The statement of the judge conducting the pretrial hearing made no reference to the pleadings. The situation differs from that involved in certain prior decisions, including *Kolton v. Nassar,* 352 Mich 337. There plaintiff sued for damages for breach of a building contract. Defendants in their answer pleaded that plaintiff had not furnished them with the required statutory sworn statement before filing suit. However, such defense was not raised at the pretrial hearing, and plaintiff contended that it had been waived by such omission and also by the failure of defendants to bring on for

hearing a motion predicated on such defense. Plaintiff's position was sustained by this Court on the theory that one of the purposes of the pretrial conference was the limiting of issues to be tried, and that defendants not having indicated that they were relying on the failure to furnish the sworn statement must be deemed to have abandoned it. It will be noted that the case involved a matter that should have been presented at the pretrial, and obviously might have been so presented. In the case at bar such is not the situation. At the time of the pretrial defendants could not have urged as a part of their defense the proposed amendatory ordinance which the council had not at that time adopted. In accord with the holding in *Kolton* v. *Nassar, supra,* and involving a like situation, are *Singewald* v. *Local Union No. 7, UAW-CIO,* 339 Mich 503, and previous decisions cited in the opinion therein.

In the proceeding now before us we have an unusual situation not within the purview of prior decisions. As noted, we are concerned with a defense sought to be injected into the case by defendants at the opening of the trial but which could not have been advanced at the pretrial hearing. No permit had been granted to plaintiff for the construction of his service garage. The application therefor gave him no vested rights in the property with reference to the construction of said building, nor was the situation otherwise at the time the petition for writ of mandamus was filed. Apparently the municipal ordinance then in force did not require the so-called setback of buildings to conform with a plan adopted by a majority of the property owners in the block. The amended ordinance undertook to impose such a requirement. Had defendants been permitted to amend their answer, with like action as to the pretrial statement, a valid defense might have been presented. Such right was denied, the trial judge re-

fusing to grant the relief sought or to consider the amendatory ordinance. Under the circumstances the ruling was erroneous and operated to prevent defendants from urging, as a basis for denial of the permit sought, the ordinance, presumptively valid and applicable, then in force. The defendant city as a municipal corporation of the State, and as such charged with certain duties and responsibilities affecting its well-being and the well-being of its people, is entitled to insist that its validly-enacted ordinances shall be respected and obeyed. To deny it the right to so insist constitutes a "manifest injustice." Stated somewhat differently, the proper administration of justice under the facts in the instant case requires that the defendant city be accorded the right to interpose the defense in question.

The case should be remanded to the trial court with directions to set aside the order entered and to grant a rehearing, with leave to the defendants to amend their answer and, likewise, leave to the plaintiff to make such amendments to his petition for relief as may be deemed expedient.

SMITH and EDWARDS, JJ., concurred with CARR, J.

SOURIS, J., took no part in the decision of this case.