KLYMAN v CITY OF TROY

OPINION OF THE COURT

1. MANDAMUS—CONTROLLING LAW.
   The law to be applied in an action for mandamus is that which is in effect at the time of the decision.

2. ZONING—ORDINANCE AMENDMENT—PENDENCY OF ACTION—CONTROLLING LAW.
   An amendment of a zoning ordinance which was enacted during the pendency of an action for mandamus and which prohibits a use for which the action was instituted will, as a general rule, be given effect as the controlling law, even though the plaintiff landowner had previously had an absolute right to put his land to the use forbidden by the amendment.

3. ZONING—ORDINANCE AMENDMENT—PENDENCY OF ACTION—CONTROLLING LAW—VESTED INTEREST.
   A vested property interest acquired before the enactment of an amendment to a zoning ordinance may not be destroyed where the amendment was enacted during the pendency of an action for mandamus and the amendment prohibits a use for which the action was instituted.

4. ZONING—ORDINANCE AMENDMENT—PENDENCY OF ACTION—CONTROLLING LAW—AMENDMENT OF PLEADINGS.
   Whether the defendants in an action for mandamus grounded on a zoning ordinance may be allowed to amend their answer and assert that an amendment of the ordinance, which was enacted during the pendency of the action and prohibits the use for

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus § 3 *et seq.*
[2, 3] 58 Am Jur, Zoning § 173 *et seq.*
[4] 58 Am Jur, Zoning § 170 *et seq.*
[5] 58 Am Jur, Zoning § 239.
[6] 52 Am Jur 2d, Mandamus § 1 *et seq.*
[7] 52 Am Jur 2d, Mandamus § 413 *et seq.*
[8–10] 58 Am Jur, Zoning § 239.

which the action was instituted, is the law controlling the action is in the trial court's discretion (GCR 1963, 118.1).

5. ZONING—ORDINANCE AMENDMENT—PENDENCY OF ACTION—CONTROLLING LAW—AMENDMENT OF PLEADINGS.

Denying the defendant city and building inspector, in an action for mandamus grounded on a zoning ordinance, leave to amend their answer and assert as à defense that an amendment of the ordinance, enacted during the pendency of the action and prohibiting the use for which the action was instituted, was the law controlling whether mandamus should issue constituted an abuse of discretion even though the motion for leave to amend was not made until after summary judgment that the ordinance upon which the action was based was invalid where the motion to amend was delayed at the trial court's order, the amendment was not enacted simply to manufacture a defense in the action but had a wide applicability, the amendment to the ordinance was made shortly after the plaintiff's summary judgment motion, and failure to allow the amendment might have destroyed a comprehensive zoning plan and caused detriment to nearby landowners (GCR 1963, 118.1).

DISSENT BY HOLBROOK, P. J.

6. MANDAMUS—LEGAL DUTY.

*Mandamus is a writ of grace and will issue to compel performance only of what is shown on due pleading and proof to be a legal duty.*

7. MANDAMUS—CONTROLLING LAW.

*The grant or denial of a petition for mandamus is determined according to germane conditions existing at the time of hearing and determination.*

8. ZONING—ORDINANCE AMENDMENT—PENDENCY OF ACTION—CONTROLLING LAW—AMENDMENT OF PLEADINGS.

*The determination whether an amendment of the pleadings in an action for mandamus grounded on a zoning ordinance should be allowed so as to interpose as the applicable law an amendment of the ordinance, which was enacted during the pendency of the action and which would change the legal rights of the parties, is within the discretion of the trial court, and in the absence of abuse of that discretion, the ruling of the trial court will not be disturbed (GCR 1963, 118.1).*

9. PLEADING—AMENDMENT—ZONING—ORDINANCE AMENDMENT—PEN-
DENCY OF ACTION.

> An appellate court is guided by the rule that leave to amend
> pleadings shall be freely given when justice so requires when
> determining whether a trial court abused its discretion in
> deciding whether an amendment of the pleadings in an action
> for mandamus grounded on a zoning ordinance should be
> allowed so as to interpose as the applicable law an amendment
> of the ordinance, which was enacted during the pendency of the
> action and which would change the legal rights of the parties
> (GCR 1963, 118.1).

10. ZONING—ORDINANCE AMENDMENT—PENDENCY OF ACTION—CON-
TROLLING LAW—AMENDMENT OF PLEADINGS.

> Denying a defendant city and its building inspector, in an action
> for mandamus grounded on a zoning ordinance, leave to amend
> their answer and assert as a defense that an amendment of the
> ordinance which was enacted during the pendency of the action
> and which prohibited the use for which the action was insti-
> tuted was the law controlling whether mandamus should issue
> did not constitute an abuse of discretion where the plaintiffs'
> judgment motion had challenged the ordinance upon which the
> action for mandamus was grounded, the ordinance was de-
> clared invalid as failing to comply with the enabling act, the
> defendant's motion to amend was made after plaintiffs' sum-
> mary judgment was granted after delays caused by the defend-
> ants and the court during which time the same ordinance was
> re-enacted in compliance with the enabling act, and there was
> no showing that a comprehensive zoning plan would be de-
> stroyed or that detriment to nearby landowners would be
> caused if the amendment was not allowed (GCR 1963, 118.1).

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 2 December 16, 1971, at Detroit.
(Docket No. 11531.) Decided April 27, 1972.

Complaint by Max and Sarah Klyman, Alice
Silverstein, Leona Valentine, and Boron Oil Com-
pany against the City of Troy and the Building
Inspector of the City of Troy for a writ of manda-
mus compelling the defendants to issue a building
permit. Summary judgment for plaintiffs. Defend-
ants' motion for leave to amend their answer

denied. Defendants appeal by leave granted. Reversed and remanded.

*Honigman, Miller, Schwartz & Cohn* (by *Norman Hyman),* for plaintiffs.

· *Burke & Sawyer,* for defendants.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

DANHOF, J. The plaintiffs brought this action seeking a writ of mandamus compelling the defendants to issue a building permit so that a service station could be constructed. Plaintiffs' property is located in an area zoned B-1. Prior to 1966 service stations were permitted in areas zoned B-1. On July 25, 1966, the City of Troy attempted to amend its zoning ordinance to exclude service stations from B-1 districts. On September 23, 1970, the trial court granted the plaintiffs a partial summary judgment holding that the amendment was invalid because of defects in the manner in which it was adopted. One admitted defect being the failure of the city to publish notice of the public hearing on the amendment 15 days before the hearing. The city admits that only 12-days notice was given.

On September 11, 1970, the city enacted an amendment to the zoning ordinance which barred service stations from areas zoned B-1. The language of the amendment is identical with that of the amendment which was held invalid. After the motion for summary judgment had been granted the defendants moved to amend their pleadings to assert the new amendment as a defense. The trial court denied the motion and the defendants have appealed on leave granted. We reverse.

On September 23, the trial court also signed an injunction which reads:

"Defendants, and all of their officials and officers, and all persons acting by them and for them, are enjoined until further order of this court from invoking or seeking to invoke as a defense in this cause or from amending their answer in this cause to allege as a defense any legislative enactments of the City of Troy enacted after July 27, 1970."

After signing the injunction the court stated:

"This will not preclude the defendant from moving to amend his answer."

It appears that the injunction is merely surplusage and, therefore, it does not affect anyone's substantive rights. However, in view of the disposition we are making of this case we exercise our power under GCR 1963, 820.1 and hereby vacate the injunction. This will avoid any confusion as to its effect.

This case presents the question of what effect is to be given to an amendment of a zoning ordinance which is enacted during the pendency of litigation. This is the question which we found unnecessary to pass upon in *Shell Oil Company v City of Livonia,* 30 Mich App 454 (1971), where we held that a zoning ordinance that was enacted during the pendency of a suit to be arbitrary and unreasonable.

The general rule is that the law to be applied is that which was in effect at the time of decision. Thus, if a zoning ordinance has been amended to forbid a given use a court will give effect to the amendment even when the land owner had previously had an absolute right to put his land to the now forbidden use. *City of Lansing v Dawley,* 247

Mich 394 (1929). The rule is, of course, subject to
the exception that a vested property interest ac-
quired before the enactment of the ordinance may
not be destroyed.

The case of *Willingham v City of Dearborn,* 359
Mich 7 (1960), points out another exception to the
rule. In *Willingham,* the city denied plaintiff a
building permit even though the zoning ordinance
did not forbid the construction proposed by the
plaintiff. The plaintiff then brought an action for
mandamus. The defendant answered and a pre-
trial conference was held. On the day set for a
hearing on the merits the defendant sought leave
to amend its pleadings to raise a defense based on
a new ordinance. The trial court refused to allow
the amendment and the Supreme Court affirmed.

The later case, *Franchise Realty Interstate Cor-
poration v City of Detroit,* 368 Mich 276 (1962),
involves similar facts.[1] However, the trial court
allowed amendment of the pleadings. At p 279, the
Supreme Court distinguished *Willingham, supra,*
in the following manner:

"This case is a substantial duplicate of *Willingham v
City of Dearborn,* 359 Mich 7 (1960). There is a decisive
difference, however. In *Willingham* the discretion of the
trial judge was inclined against permission to amend
*tarde* the pretrial statement, also the defendant city's
answer, so as to include a defense manufactured by
amendment of the city's zoning ordinance after the
property owner's petition for mandamus had been filed.
Here, the answering and replicating pleadings were
duly amended so as to bring squarely before the court a
like defense which, at the time of filing of plaintiff's
petition for mandamus, was nonexistent. Further, in

---

[1] Another somewhat similar case is *Boron Oil Company v City of
Southfield,* 18 Mich App 135 (1969). This case did not involve amend-
ment of the pleadings. However, the court refused to give effect to the
amended ordinance because the amendment had not been properly
adopted.

the present case, the subsequently prepared and unamended pretrial statement recites unqualified satisfaction —all around—with such amended pleadings.

"The circuit court might well—of discretion and upon authority of *Willingham*—have done here what the same court did in *Willingham*. It did not do so, however, and so the presented questions are controlled by *City of Lansing v Dawley,* 247 Mich 394 (1929). The *City of Lansing Case* holds that, even after issuance of permit, construction in pursuance of such permit is enjoinable when, prior to construction or fairly indicative commencement of construction, an ordinance is enacted which validity bars what was lawfully authorized by the permit."

*Willingham* and *Franchise Realty* make it clear that the question of allowing the city to amend its pleadings is discretionary. In determining what factors are to be considered in the exercise of this discretion we turn to *Willingham*. In *Willingham* the plaintiff had an unquestionable right to the issuance of a building permit. The city had made no attempts to forbid the type of construction he proposed. When the city finally enacted an ordinance it did so for the purpose of manufacturing a defense in the plaintiff's suit. Moreover, the defendant waited until the last possible moment to interpose this defense. The action was commenced on January 31, 1958, and the defense was not raised until the day set for a hearing on the merits, July 24, 1958. The Supreme Court also stressed the fact that the issue was raised long after the conclusion of the pretrial conference.

In this case the defendants stand on firmer ground. The ordinance was not enacted simply to manufacture a defense. In this regard we note that the amended ordinance is not a simple rezoning of the plaintiffs' property but is an ordinance of wide applicability. The city has long pursued a policy of

excluding service stations from land zoned B-1.[2] In 1966 the city had attempted to amend its ordinance to exclude service stations. While the ordinance was subsequently held invalid the attempt constitutes a distinction between this case and *Willingham, supra,* where there was not even a colorable argument to justify the city's rejection of a permit. This case does not contain the element of delay found in *Willingham.* The first time at which the validity of the original amendment to the ordinance was called into question was when the plaintiffs filed their motion for summary judgment on July 22, 1970. The ordinance was amended on September 11, 1970. In this case no pretrial conference had been conducted at the time when the motion to amend the pleadings was made. It is true, as the plaintiffs point out, that the motion to amend the pleadings was not filed until after the motion for summary judgment had been granted. However, it appears from the record that the reason for the delay was that the trial court had ordered the defendants not to attempt to amend their pleadings until the motion for summary judgment had been disposed of.[3]

The elements of delay and bad faith, present in *Willingham,* are not present here. GCR 1963, 118.1 provides that leave to amend pleadings shall be freely granted when justice requires. If amendment is not allowed it may be possible to destroy a comprehensive zoning plan because an ordinance, valid on its face, is set aside years after its adoption, because of some hidden defect. We cannot overlook the possible detriment to nearby land-

[2] The reasonableness of this policy as applied to the plaintiffs' property is not before us on this appeal.

[3] This was a verbal order given on a date prior to the issuance of the injunction.

owners. When a city acts promptly and in apparent good faith, amendment of the pleadings is in the interest of justice and should be allowed.

Reversed and remanded.

T. M. BURNS, J., concurred.

HOLBROOK, P. J. *(for affirmance).* On March 11, 1970, plaintiffs filed a complaint[4] for a writ of mandamus compelling the defendants to issue a building permit in order to build a service station on land zoned B-1 in the City of Troy.

Prior to 1966, service stations were a permitted use in areas zoned B-1. On July 25, 1966, the City of Troy enacted the ninth amendment to their zoning ordinance which prohibited service stations in B-1 areas. However, there were defects in the manner in which this amendment was adopted.

The plaintiffs moved for summary judgment to have the ninth amendment declared invalid on July 22, 1970. Because of delays, occasioned by the defendants and the trial court itself, hearing on the motion was not conducted until September 23, 1970. The trial court declared the ninth amendment invalid at that time.

On September 11, 1970, the defendants had enacted a new amendatory ordinance to replace the ninth amendment. The defendants moved for leave to amend their answer to include this amendatory ordinance as a defense on October 28, 1970. The trial judge, in the exercise of his discre-

---

[4] Alleging among other things:

"The refusal of the defendants to issue Boron the necessary permits for the erection of a service station is unlawful and a violation of the zoning enabling act (Act 207, PA 1921) because the amendatory ordinance was not enacted in accordance with the procedures required for the enactment of zoning ordinance amendments under the zoning enabling act. Accordingly, the amendatory ordinance is invalid and service stations are still a permitted use in B-1 districts."

tion, denied the motion to amend. Defendants appeal on leave granted.

Mandamus is a writ of grace and will issue to compel performance only of what is shown on due pleading and proof to be a legal duty. *Franchise Realty Interstate Corp v City of Detroit,* 368 Mich 276 (1962). The grant or denial of a petition for mandamus is determinable according to germane conditions existing at the time of hearing and determination. Thus, if an amendatory zoning ordinance is enacted during the pendency of a mandamus action which would change the legal rights of the parties, the trial judge may allow amendment of the pleadings to interpose this new ordinance as the applicable law. However, it is not mandatory that he do so. *Franchise Realty, supra.* GCR 1963, 118.1 provides that 15 days after a responsive pleading have elapsed, "a party may amend his pleading *only* by leave of court". (Emphasis supplied.) This question of whether or not an amendment to a pleading may be allowed has long been held to rest entirely within the sound discretion of the trial court and, in the absence of abuse of this discretion, the ruling of the trial court will not be disturbed. *Hardaway v Consolidated Paper Co,* 366 Mich 190 (1962); *Cook v Wolverine Stockyards Co,* 344 Mich 207 (1955). In accordance with this rule, both *Willingham v City of Dearborn,* 359 Mich 7 (1960), and *Franchise Realty, supra,* make it clear that it is within the discretion of the trial judge to determine, in the situation of the instant case, whether to grant leave to amend an answer to include as a defense an amendatory zoning ordinance enacted during the pendency of a mandamus action.

Thus, the sole question on this appeal is whether the trial judge abused his discretion in denying the

defendants' motion for leave to amend their answer to include as a defense the amendatory zoning ordinance enacted during the pendency of this action for mandamus. In determining whether the trial judge abused his discretion, this Court is guided by the provision of GCR 1963, 118.1 which states:

"Leave shall be freely given *when justice so requires.*" (Emphasis supplied.)

The relevant facts of the case indicate that at the time this action for mandamus was filed, the ninth amendment to the City of Troy Zoning Ordinance appeared to be the applicable law for the determination of whether plaintiffs had a legal right to mandamus. However, because of certain defects in the enactment of the ninth amendment in contravention of the mandatory provisions of MCLA 125.584; MSA 5.2934, the plaintiffs sought to have the ninth amendment declared invalid in a motion for summary judgment filed on July 22, 1970. It was clear that the determination of this summary judgment would be declarative of what law was applicable to the determination of whether mandamus should issue. If the ninth amendment was declared valid, its provisions, which forbid service stations in areas zoned B-1, would be controlling of the issues of mandamus. If it was declared invalid, the provisions of the ordinance in effect prior to the enactment of the ninth amendment would be controlling of the mandamus issue. The ordinance in effect prior to the ninth amendment allowed service stations as a permitted use in areas zoned B-1.

Hearing on the motion for summary judgment was set for July 29, 1970. However, on July 27, 1970, defendants' counsel, desiring to go on vaca-

tion, requested a two-week adjournment. Plaintiffs' counsel was reluctant to agree to an adjournment without assurances that the defendant city would do nothing to alter the legislative *status quo* of the ninth amendment. An adjournment until August 12, 1970, was agreed upon on the understanding that the legislative *status quo* of the ninth amendment would not be altered until after the hearing. This agreement was reduced to writing by plaintiffs' counsel in a letter to defendants' counsel on July 27, 1970. Defendants' counsel never replied to this letter.

The motion could not be heard on August 12, because the trial court was hearing only uncontested matters, and this was asserted by defendants to be a contested motion. It was therefore further adjourned by the trial judge until September 23, 1970.

On September 23, 1970, the motion for summary judgment was finally heard. Contrary to their previous position, the defendants did not contest the invalidity of the ninth amendment. Instead they specifically agreed with the plaintiffs that there had been defects in its enactment. The trial judge accordingly declared it invalid. Therefore, the status of the ninth amendment was that it was null and void, never having been in effect. Thus, the ordinance that allowed service stations as a permitted use in B-1 areas was declared to be the law applicable to the case.

On September 30, 1970, defendants filed a motion for leave to amend their answer to interpose as a defense an amendatory ordinance enacted on September 11, 1970, reading substantially the same as the ninth amendment. This motion was heard on October 28, 1970. The thrust of defendants' argument in support of the motion was as

follows: both the ninth amendment and the replacement amendatory ordinance of September 11 are substantially the same in content, both were enacted in good faith, and the new amendatory ordinance was enacted before the time of decision on mandamus, therefore justice requires it to be considered as the existing law applicable for the determination of whether mandamus should issue.

However, it should be pointed out that there was no showing that a comprehensive zoning plan would be destroyed or that there would be detriment to nearby landowners if the amendment was not allowed. In fact, the contrary appears in the record, *i.e.,* the property in question is located on a corner of a busy intersection and there are presently service stations located on the other three corners.

The trial judge exercised his discretion to deny the defendants' motion for leave to amend. He indicated that it was not in the interest of justice to have the delays occasioned in the first instance by the defendants and secondly by the court because of a crowded docket adversely affect the rights of the plaintiffs to mandamus. Furthermore, it appeared that the defendants were attempting to utilize these delays to change their position and thus, avoid the impact of this lawsuit. Such maneuverings by the defendants would not permit a logical, sound, fair decision by the court.

It is clear that the trial judge did not in any way abuse his discretion in denying defendants' motion for leave to amend. While it is inevitable that there will be delays during the course of litigation, it is not in the interest of justice in this case to allow these delays, put into motion by the defendants, to adversely affect the substantive rights of the plaintiffs.

Furthermore, at some point during the proceedings of every cause, facts have to be stabilized and circumstances determined so that the trial can rule with a degree of accuracy and fairness. It cannot be said under the facts and circumstances of this case that it was not in the interests of justice to establish this point at a time when the relevant issues would have been decided but for the delays aforementioned.

Affirmed. Costs to plaintiffs.