## LOCKWOOD v CITY OF SOUTHFIELD

Docket Nos. 43296, 43297. Submitted June 18, 1979, at Detroit.—
Decided October 16, 1979. Leave to appeal applied for.

Rodney N. Lockwood and Rodney Lockwood & Company (Lock-
woods) sought and received approval from defendant City of
Southfield of plans to construct a low rise multi-family apart-
ment complex in 1969. A low rise multi-family dwelling was
defined in the Southfield zoning ordinances as a multi-family
dwelling of not more than two stories in height. The ordinances
defined "basement" so as to exclude it from a story. Due to
economic uncertainty, only part of the complex was built. In
1977, Lockwoods revised the plans to build apartments on three
levels, including units on a level meeting the definition of a
basement. The city planning department approved the revisions
but the city council did not, based on a number of the proposed
changes. Lockwoods filed suit for mandamus compelling ap-
proval and for damages incurred as a result of the delay in
approval. The city then amended the ordinance definitions of
basement and story and created a term "cellar" which meant a
building level having more than half its clear height below the
grade plane and providing that a cellar be nonhabitable. The
city raised the amended ordinances as a defense. Mr. and Mrs.
Harry Okrent, Mr. and Mrs. Leonard A. Malis and Mr. and
Mrs. Mel Penin filed a suit against Rodney Lockwood & Com-
pany and the city to enjoin the construction of the tri-level
units. Lockwood & Company counterclaimed for damages for
delay in the approval. Harry Okrent also intervened in the
Lockwoods' suit against the city and the Lockwoods counter-
claimed for damages. The cases were consolidated for trial. The
Oakland Circuit Court, Steven N. Andrews, J., found the
amendment applicable, denied the writ of mandamus and
dismissed all claims for damages. Lockwoods appeal. *Held:*

1. The general rule in a zoning case that the law to be

REFERENCES FOR POINTS IN HEADNOTES

[1] [No Reference]

[2] 82 Am Jur 2d, Zoning and Planning § 15.

[3] 82 Am Jur 2d, Zoning and Planning § 90.

Validity of building height regulations. 8 ALR2d 963.

applied is that which was in effect at the time of decision has two exceptions, *viz.,* where (1) the amendment would destroy a vested property interest acquired before its enactment and (2) the amendment was enacted in bad faith and with unjustified delay. Since construction had not commenced at the time of amendment, Lockwoods had acquired no vested property right. The trial judge did not abuse his discretion in holding that the amendment was not enacted in bad faith or with unjustified delay. There was evidence that the amendment was enacted to clarify an ambiguity in the ordinance to conform with the council's constant intent to prohibit people from living on three levels within that zoning classification.

2. A zoning ordinance is unconstitutional if it is unreasonable, that is, if (1) no governmental interest is being advanced or (2) the ordinance arbitrarily and capriciously excludes other types of legitimate land use from the area in question. The ordinance was a valid exercise of the city's police power in that it advanced the health and safety of persons affected. Also, there remained many reasonable uses for which Lockwoods could adapt their property.

3. The amendment was a valid height restriction within the meaning of the zoning enabling act, since height may be measured in stories as well as feet.

4. The trial court did not err in dismissing plaintiffs' damage claims against the city, since damages were precluded by statute after it was found that the ordinance was enacted in good faith. The damage claim against the individuals was moot because of the decision regarding the mandamus issue.

Affirmed.

1. ZONING — APPLICABLE LAW.

The general rule in a zoning case that the law to be applied is that which was in effect at the time of decision has two exceptions, *viz.,* where (1) the amendment would destroy a vested property interest acquired before its enactment and (2) the amendment was enacted in bad faith and with unjustified delay.

2. ZONING — CONSTITUTIONAL LAW.

A zoning ordinance is unconstitutional if it is unreasonable, that is, if (1) no governmental interest is being advanced or (2) the ordinance arbitrarily and capriciously excludes other types of legitimate land use from the area in question.

3. ZONING — STATUTES — ZONING ENABLING ACT — HEIGHT RESTRIC-
   TION.
   A zoning ordinance which limits the number of stories of low rise
   multiple family dwellings is a valid height restriction within
   the meaning of the zoning enabling act (MCL 125.582; MSA
   5.2932).

*Patterson & Patterson, Whitfield, Manikoff, Ternan & White,* for plaintiffs.

*Phillip L. Poole,* for defendant.

Before: BASHARA, P.J., and V. J. BRENNAN and J. C. DANER,* JJ.

BASHARA, P.J. Plaintiffs Rodney Lockwood & Company and Rodney M. Lockwood sought a writ of mandamus in the trial court to compel defendant city to approve plans for the construction of an apartment complex and damages occasioned by the delay in approval. (Hereinafter, references to plaintiffs shall refer to Rodney Lockwood & Company and Rodney M. Lockwood unless otherwise stated.) The circuit court denied the requested relief and plaintiffs appeal.

Plaintiffs initiated the plan to build the apartment complex known as "Cranbrook Place" in 1969. The City of Southfield approved the plans for the complex which was to be built on two levels. Economic uncertainties delayed the construction of the apartments until 1977. In the interim, plaintiffs revised the plans initially approved by the city. The revision called for the construction of apartments on three levels. The Southfield planning department approved the amended plans but the city council rejected them on October 24, 1977.

Although the city council's rejection was based on a number of proposed changes, the circuit court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

concluded that only the proposal to build apart-
ments on three levels instead of two justified the
denial.

On November 2, 1977, the date which the plain-
tiffs commenced the action for a writ of manda-
mus, pertinent provisions of the Southfield zoning
ordinances read as follows:

"§ 5.4(10) DWELLING, MULTIPLE FAMILY LOW
RISE: a multiple family dwelling not more than two (2)
stories in height."

"§ 5.8(16) STORY: that portion of a building, but not
including a basement, as defined in this Chapter be-
tween one (1) floor level and the ceiling next above it
and which portion meets the requirements of the Build-
ing Code (Chapter 98) for a habitable room."

"§ 5.3(5) A BASEMENT: is that portion of a building
which is partly or wholly below grade, but so located
that the vertical distance from the average grade to the
floor is greater than the vertical distance from the
average grade to the ceiling. A basement shall not be
counted as a story."

Plaintiffs proposed to build basement apart-
ments in addition to the two stories originally
planned. Under the zoning ordinances set forth
above, basement apartments were neither specifi-
cally allowed nor prohibited. The ordinances
merely prohibited multiple family dwellings of
more than two (2) stories in height. Basements are
not counted as stories.

On November 28, 1977, the Southfield City
Council enacted an amendment to the zoning ordi-
nances that modified its definition of the terms
"basement" and "story".

"(5) A BASEMENT: a portion of a building partially
underground, but having less than half its clear height
below the grade plane (See Cellar)."

"(2) CELLAR: that portion of a building partially, or wholly, underground, having half or more than half of its clear height below the grade plane. A cellar shall be non-habitable and shall not be counted as a story."

"(16) STORY: that portion of a building, but not including a cellar, as defined in this chapter between one (1) floor level and the ceiling next above it and which portion meets the requirements of the Building Code (Chapter 98) for a habitable room." City of Southfield Ordinance No. 953.

The November 28, 1977, amendment to the Southfield zoning ordinance was republished and repromulgated as City of Southfield Ordinance No. 965 on June 5, 1978. The amended zoning ordinance eliminates the ambiguity that existed under the original zoning ordinance with respect to whether apartments could be built in what was originally called the basement. Basement apartments under the original zoning ordinance were redefined as "cellar" apartments and specifically made nonhabitable.

In December 1977, the defendant city amended its answer to raise as a defense the modified zoning ordinance. The trial judge held that the amendment was applicable and did not issue a writ of mandamus.[1] The court also dismissed plaintiffs' claim for damages against the city, Harry Okrent and others. Okrent and others had filed a separate suit to enjoin construction of the apartments which was subsequently consolidated with the present suit. After Okrent and others entered the suit, plaintiffs amended their complaint and filed a counterclaim against the individual defen-

---

[1] Plaintiffs do not contend that mandamus should issue even if the amended ordinances were applicable because in that case there would be no clear legal right to performance of a specific duty. The requirements for a writ of mandamus are set forth in detail in *Hessee Realty, Inc v City of Ann Arbor*, 61 Mich App 319, 322; 232 NW2d 695 (1975).

dants for damages resulting from losses sustained due to delay in construction.

Plaintiffs' claims of error all center around the applicability and validity of the amended zoning ordinance. These claims raise four issues for consideration which will be dealt with *seriatim.*

I

Should the amended zoning ordinance be applied as the law of the case when the amendment was enacted after the litigation had commenced?

"The general rule is that the law to be applied is that which was in effect at the time of decision." *Klyman v City of Troy,* 40 Mich App 273, 277; 198 NW2d 822 (1972). Application of this general rule would require that we hold the trial judge properly applied the zoning amendment as it was in effect at the time of the decision.

However, the general rule is subject to two exceptions. A court will not apply an amendment to a zoning ordinance where (1) the amendment would destroy a vested property interest acquired before its enactment, *City of Lansing v Dawley,* 247 Mich 394, 396; 225 NW 500 (1929), or (2) the amendment was enacted in bad faith and with unjustified delay. *Keating International Corp v Orion Twp,* 395 Mich 539, 549; 236 NW2d 409 (1975). Neither of the foregoing exceptions apply to this case. Since construction had not yet commenced at the time of the amendment, we cannot say plaintiffs had acquired a vested property right. *Keating, supra.*

With respect to the second exception, the test to determine bad faith is whether the amendment was enacted for the purpose of manufacturing a defense to plaintiffs' suit.

There is evidence to indicate that the amendment was intended to clarify an ambiguous ordinance. There is also evidence that it had always been the intent of the city council to prohibit persons from living on three levels within the zoning classification. The amendment did not simply rezone plaintiffs' property, but applied equally to all apartment structures throughout the city. *Klyman, supra.*

In any event, the trial judge did not abuse his discretion in holding that the amendment was not enacted in bad faith or with unjustified delay. The overriding principle regarding "the decision to admit or exclude ordinance amendments during litigation is one which rests entirely within the sound discretion of the trial court". *Keating, supra,* 548.

Plaintiffs' contention that the city acted with unnecessary delay in enacting the ordinance is without merit.

## II

Having determined that the amended zoning ordinance was properly applied, we now look to its constitutionality.

The standard[2] for determining the constitutional validity of municipal zoning ordinances was recently settled in *Ed Zaagman, Inc v City of Kentwood,* 406 Mich 137, 138-139; 277 NW2d 475 (1979). *Zaagman* held that in order to be successful, plaintiffs must prove that the ordinance is unreasonable. An ordinance is unreasonable where

---

[2] Compare the majority opinions in *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974), *Kirk v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976), and the minority opinion of Justice WILLIAMS in *Sabo v Monroe Twp,* 394 Mich 531, 541; 232 NW2d 584 (1975), with the majority opinion in *Sabo.*

(1) no governmental interest is being advanced, or (2) the ordinance arbitrarily and capriciously excludes other types of legitimate land use from the area in question.

We conclude from our examination of the record that there was sufficient evidence to support the trial judge's determination that the ordinance was constitutional. The ordinance was a valid exercise of the police power of the City of Southfield in that it advanced the health and safety of persons affected by the ordinance. Evidence adduced at trial showed that basement apartments may prove troublesome in times of fire or other catastrophe. Prohibition of basement apartments is also helpful in controlling population density.

Because mandamus is governed by equitable principles, *Board of Education of Oakland Schools v Superintendent of Public Instruction* 401 Mich 37, 41; 257 NW2d 73 (1977), *Zaagman* requires that we give great weight to the findings of the trial judge. In doing so, we cannot say that the ordinance was an arbitrary fiat. There still remain many reasonable uses for which plaintiffs can adapt their property.[3]

### III

In enacting the ordinance, did the City of Southfield exceed its authority under the zoning enabling act, MCL 125.581 *et seq.;* MSA 5.2931 *et seq.?*

In Michigan, cities have no inherent power to zone apart from those powers which are granted by the Constitution or the Legislature. *Detroit*

---

[3] Because we hold that the ordinance was neither an arbitrary fiat nor precluded the plaintiffs from other reasonable uses of the property, we do not find reversible error in plaintiffs' claim that the trial judge improperly excluded the testimony of one of plaintiffs' experts, Mr. James Babcock. Mr. Babcock was to testify as to the habitability criteria set forth in the Building Officials & Code Administrators (BOCA) manual. the BOCA manual was admitted into evidence and Mr. Babcock's testimony was allowed on a special record.

*Osteopathic Hospital v City of Southfield,* 377 Mich 128, 132; 139 NW2d 728 (1966).

The zoning enabling act provides in part:

"The legislative bodies of cities and villages may regulate and limit the height and bulk of buildings hereafter erected * * *." MCL 125.582; MSA 5.2932.

Plaintiffs contend that the amended zoning ordinance does not affect the height or bulk of the apartments and therefore exceeds the authority granted under the statute. Plaintiffs argue that the only effect of the regulation is to restrict the use of a portion of the building, and is more properly labeled a construction regulation falling within the State Construction Code Act, MCL 125.1502(1)(k); MSA 5.2949(2)(1)(k). Plaintiffs further argue that since the construction regulation was not enacted with the proper formalities required by the State Construction Code Act, the regulation is void.

Section (1)(k) of the State Construction Code Act, which defines construction regulation, specifically exempts from the definition "a zoning ordinance or rule issued pursuant to a zoning ordinance and related to zoning". Because the ordinance enacted by the City of Southfield is a valid height restriction within the meaning of the zoning enabling act, plaintiffs' argument lacks merit.

A building height restriction may be expressed in stories as well as in feet. The amended zoning ordinance has the effect of limiting the height of an apartment building to no greater than two stories and one cellar. A very similar height restriction was upheld by this Court in *Sisters of Bon Secours Hospital v City of Grosse Pointe,* 8 Mich App 342, 360; 154 NW2d 644 (1967). In that

case, the height restriction prohibited buildings higher than three stories or 36 feet above grade, whichever was less. *Id.,* 346, n 3.

We therefore conclude that the amended ordinance is a lawful exercise of the zoning power granted the City of Southfield under the zoning enabling act.[4]

## IV

Plaintiffs contend, notwithstanding the determination of the trial court that a writ of mandamus should not issue, that the court erroneously dismissed their claims for damages. We disagree.

With respect to the damage claim against the City of Southfield, the matter is controlled by MCL 600.4431; MSA 27A.4431, which provides:

"Damages and costs may be awarded in an action for mandamus. No damages may be allowed in mandamus against a public officer who, in good faith, acted erroneously."

Since the trial judge concluded the ordinance was enacted in good faith, any claim for damages against the City of Southfield must be dismissed pursuant to the statute.

The statute is inapplicable as to plaintiffs' claim for damages against Harry Okrent and others

---

[4] While appellees have not cited it in their brief, we take judicial notice of the fact that MCL 125.583; MSA 5.2933 would provide an alternate ground for upholding the ordinance. That section provides in part:

"The legislative body of cities or villages may limit and restrict the maximum number of families which may be housed in dwellings * * * erected or altered, and for such purposes divide the city or village into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this section. Such regulations shall be uniform throughout any specified district, but may differ from the regulations adopted for other districts."

because these parties are not public officers. Nevertheless, the trial judge properly dismissed the damage claim. The trial judge properly concluded that the claim was moot due to his prior decision regarding the mandamus issue. Plaintiffs cannot seek damages for unlawful delay of the apartment project when it is determined that the structures could not be built because of failure to comply with zoning ordinances.

All other issues raised by plaintiffs lack merit.

Affirmed.