MacDONALD ADVERTISING COMPANY v McINTYRE

MacDONALD ADVERTISING COMPANY v CITY OF PONTIAC

Docket Nos. 164862, 164863. Submitted February 8, 1995, at Detroit. Decided June 6, 1995, at 9:15 A.M.

MacDonald Advertising Company brought an action in the Oakland Circuit Court against Tom McIntyre and the Building Inspection Bureau of the Building and Safety Engineering Division of the City of Pontiac, seeking an writ of mandamus compelling the issuance of building permits for nineteen proposed billboards. In a separate action in the same court, MacDonald sought judicial review of a decision by the Pontiac Zoning Board of Appeals upholding the Pontiac Planning Commission's denial of building permits for the billboards. The court, Rudy J. Nichols, J., consolidated the actions, refused to issue the requested writ of mandamus, affirmed the decision of the zoning board of appeals, and granted summary disposition for the defendants. MacDonald appealed.

The Court of Appeals *held:*

1. The denial of the building permits properly is reviewed under an amended version of the applicable Pontiac ordinance. Although the permit applications were filed when the preamended version of the ordinance was still in effect, the general rule in a zoning case is that the law to be applied is the one that was in effect at the time of the decision. The amended ordinance was in effect when the zoning board of appeals and the trial court made their decisions. The exception to the general rule for bad faith in the adoption of a zoning ordinance does not apply in this case in the absence of an indication that the amendment was enacted for the purpose of manufacturing a defense to the plaintiff's suit.

2. Seventeen of the nineteen proposed billboards each would be composed of two panels and would not violate size restrictions of the amended ordinance if each of those seventeen billboards either has a structure with tandem or stacked bill-

REFERENCES

Am Jur 2d, Zoning and Planning § 650.

See ALR Index under Amendment; Zoning.

board faces of no more than six hundred square feet of combined surface area or has a v-shaped configuration. The matter must be remanded for a determination of the configuration of those seventeen billboards and their compliance with the size restrictions of the amended ordinance. The two other billboards would violate the size restrictions.

Affirmed in part, reversed in part, and remanded to the trial court.

Zoning — Amended Ordinances — Building Permits.

As a general rule, where a zoning ordinance governing the issuance of a building permit is amended after a permit application is filed but before a zoning board of appeals reviews a denial of the permit by a planning commission, the amended ordinance controls; an exception to the rule is recognized where the amendment is enacted in bad faith and with unjustified delay; an amendment is enacted in bad faith where its purpose is the manufacturing of a defense to a plaintiff's suit.

*Bodman, Longley & Dahling* (by *James J. Walsh* and *Nicholas P. Scavone, Jr.*), for the plaintiff.

*Hatchett, DeWalt & Hatchett* (by *Marvin R. Smith*), for the defendants.

Before: Hood, P.J., and Marilyn Kelly and Saad, JJ.

Per Curiam. This case involves plaintiff's proposal to erect nineteen billboards in the City of Pontiac. The Pontiac Planning Commission denied plaintiff's applications for special-exception permits for the billboards. In one action, plaintiff sought an writ of mandamus to compel the issuance of building permits for the proposed billboards. In another action, plaintiff appealed from a decision of the Pontiac Zoning Board of Appeals (zba), which affirmed the denial of permits for the billboards. The circuit court consolidated the actions, denied plaintiff's request for a writ of mandamus, and affirmed the decision of the zba. Plaintiff appeals as of right in these consolidated ap-

peals. We affirm in part, reverse in part, and remand.

FACTS

Plaintiff entered into an agreement with Grand Trunk Railroad for the erection of billboards on nineteen of Grand Trunk's properties located within Pontiac. Plaintiff applied for building permits for the nineteen billboards on September 4, 1991. The applications were refused for processing on the basis that special-exception permits were required. On September 17, 1991, plaintiff applied for special-exception permits for the billboards, and these were denied by the Pontiac Planning Commission on November 6, 1991. On April 15, 1992, plaintiff filed the action for a writ of mandamus to compel the issuance of building permits for the proposed billboards.

An amendment of the City of Pontiac Zoning Ordinance was adopted on April 27, 1992, and made effective May 18, 1992. This amendment specifically addressed the licensing and regulation of billboards within the city.

On the ground that plaintiff had failed to exhaust its administrative remedies, the circuit court denied without prejudice plaintiff's request for mandamus on June 3, 1992. On August 12, 1992, the court denied defendants' motion for summary disposition and directed the ZBA to conduct a hearing on plaintiff's appeal from the planning commission's denial of the building permits. The ZBA upheld the decision of the planning commission on two grounds: (1) special-exception permits were properly denied under the former version of the ordinance, and (2) the proposed billboards would violate at least four provisions of the new sign ordinance. In particular, the ZBA made the following findings under the new sign ordinance:

At least four provisions of § 18.5 of the new zoning ordinance as applied to MAC's Application for Zoning compliance Permits, Sign Permits, and Special Exception Permits, filed in September, 1991, would prohibit issuance of permits to MAC to erect any of its signs at the proposed locations, for the reasons that:

(i) All proposed billboards would violate § 5.8 by exceeding the 300 square foot surface display area. Seventeen of the proposed MAC signs are composed of two panels, 24′ × 12′ each, with a combined surface area of 576 square feet. Two of the proposed signs are composed of two panels, 48′ × 14′ each, with a combined surface of 1,344 square feet.

(ii) At least five proposed billboards exceed the 40′ height requirement of § 5.9.

(iii) Several of the proposed billboards are within one linear mile of two other billboards, in violation of § 5.3, or within 1,000 feet of another billboard, in violation of § 5.5.

(iv) MAC's Vice President, Larry Sidman, admitted under oath at his deposition that the new zoning ordinance would preclude the issuance of permits for billboards on "almost every site" due to the new spacing and size limitations.

After the ZBA rendered an oral decision affirming the decision of the planning commission, but before the ZBA filed its written opinion, plaintiffs filed a petition for review of the ZBA's decision in the circuit court. In an order dated March 25, 1993, the circuit court consolidated the two cases, denied plaintiff's request for a writ of mandamus, affirmed the decision of the ZBA, and granted the motion for summary disposition raised by all defendants. Plaintiff appeals from that order as of right.

### STANDARD OF REVIEW

The applicable standard of review in this case is supplied by statute. MCL 125.585(11); MSA

5.2935(11) instructs courts to review a decision of the board of appeals to ensure that it is in accordance with the law, is based upon proper procedure, is supported by competent, material, and substantial evidence on the record, and represents a reasonable exercise of discretion.

I

First, before we can evaluate the decision of the circuit court, we must determine which version of the zoning ordinance to apply. Initially, the planning commission denied plaintiff's application for building permits under a former version of the ordinance. However, by the time the action proceeded to the ZBA, an amendment specifically governing billboards was enacted. The ZBA then affirmed the decision to deny plaintiff's application for permits for the billboards on the basis of both versions of the ordinance. The circuit court also affirmed the decision to deny permits for the billboards under both versions of the ordinance.

We conclude that the amended version of the ordinance is applicable in this case. As stated in *Klyman v City of Troy,* 40 Mich App 273, 277; 198 NW2d 822 (1972), and reiterated in *Lockwood v City of Southfield,* 93 Mich App 206, 211; 286 NW2d 87 (1979), "the general rule is that the law to be applied is that which was in effect at the time of decision." Here, the amended version of the ordinance was in effect when the ZBA and the circuit court made their decisions.

Plaintiff asserts that this case falls within an exception to the general rule because the amendment "was enacted in bad faith and with unjustified delay." *Id.* The Court in *Lockwood* set forth the test for determining the existence of bad faith in the adoption of a zoning ordinance as "whether

the amendment was enacted for the purpose of manufacturing a defense to plaintiff['s] suit." *Id.*

After reviewing the facts in this case, it is clear that the amendment was not enacted for the purpose of manufacturing a defense to plaintiff's suit. In particular, plaintiff's representatives were informed at the time they applied for the permits that a new ordinance pertaining to billboards was in draft form. Plaintiff's representatives were aware that some or all of the proposed billboards would not be permitted under the new ordinance. Furthermore, it is clear that the amendment does not apply only to plaintiff, but applies to all those wishing to erect similar billboards, and it thus has a reach beyond the scope of this litigation. Accordingly, since there is no evidence that the amendment was enacted in bad faith, we follow the general rule applying the law in effect at the time of the decision. *Id.* That law is the amended ordinance.

II

Having determined that the new version of the ordinance applies to this case, we must now examine the circuit court's decision to affirm the ZBA's ruling on the basis that the proposed billboards were prohibited under the new ordinance. After reviewing the record and the new ordinance, we are convinced that the ZBA erred in its interpretation of the new ordinance.

As noted in the facts, *supra,* the ZBA concluded that "[a]t least four provisions" of the new ordinance would be violated by the proposed billboards. In particular, the primary finding in support of this conclusion was that "all proposed billboards would violate § 5.8 by exceeding the 300 square foot surface display area." The ZBA's deci-

sion continues, stating that seventeen of the proposed billboards "are composed of two panels . . . with a combined surface area of 576 square feet." With respect to those seventeen billboards, we conclude that the zba erred in determining that they would not comply with § 5.8 of the new ordinance.

While § 5.8 provides for a maximum surface area of three hundred square feet on *each side* of a billboard, it also provides that "in the case of billboard structures with tandem or stacked billboard faces, the combined surface display area of both faces may not exceed 600 square feet." Because seventeen of the billboards would be composed of two panels, and would have a combined surface area of less than six hundred square feet, it is possible they would not violate § 5.8 of the new ordinance if they were "tandem or stacked." Further, certain billboards may be permissible if the two panels would be on opposite sides, or in a v-shaped configuration. Accordingly, it is necessary to remand this matter for a determination of the configuration of the seventeen billboards, and whether those billboards, if configured as proposed, would comply with the size restrictions. If it is found on remand that the size restrictions would be met, then it must also be determined whether the proposed billboards would otherwise comply with the new ordinance.

With respect to the two other proposed billboards that would be composed of two panels, with a combined surface area of 1,344 square feet, we agree with the zba's decision that those two billboards would violate the size restrictions of § 5.8. Indeed, plaintiff concedes as much in its brief on appeal, when it states: "Only two of the nineteen proposed billboards for which mac sought permits violated the size restrictions of § 5.8." Accordingly,

we affirm the decision of the circuit court with respect to the two billboards that clearly would violate the size restrictions.

Affirmed in part, reversed in part, and remanded to the trial court in accordance with this opinion. The trial court may, in its discretion, remand the matter to the ZBA if necessary to supplement the factual record. Plaintiff's issue concerning the interpretation of the former ordinance is moot in light of our decision that the new ordinance applies. We do not retain jurisdiction.