## CITY OF COLDWATER v. WILLIAMS OIL CO.

1. Constitutional Law—Municipal Corporations—Void Ordinance —Injunction—Vested Rights—Gasoline Filling Stations.
    Injunctive interference under a void ordinance and stoppage of legitimate use of premises upon which defendant had commenced establishment of a gasoline filling station *held*, not to remit question of rights vested prior to passage of valid city ordinance regulating number and location of such stations to be governed by the quantity of use actually accomplished.

2. Municipal Corporations—Ordinances—Retroactive Effect.
    A valid ordinance regulating number and location of gasoline filling stations in the city, enacted after legitimate use of premises for such a station was actually commenced, may not be given retroactive effect.

3. Same — Gasoline Filling Stations — Injunction — Vested Rights.
    Defendant company which had purchased premises on land contract and excavated for placement of storage tanks preparatory to installation of a gasoline filling station and enjoined from further work under invalid ordinance *held*, to have acquired a vested right to erect a gasoline filling station thereupon prior to subsequent passage of a valid ordinance regulating number and location of gasoline stations within the city.

4. Appeal and Error—Gasoline Filling Stations—Trees—Curb— Injunction.
    Whether or not trees may be cut and curb of pavement broken along premises upon which defendant company seeks to erect a gasoline filling station is not decided on appeal from decree enjoining erection of such a station on the premises as such cutting and breaking will call for a permit at a later time.

Appeal from Branch; Jacobs (Theo T.), J. Submitted January 6, 1939. (Docket No. 67, Calendar No. 40,238.) Decided March 9, 1939.

Bill by City of Coldwater, a municipal corporation, against Williams Oil Company, a Michigan corporation, to enjoin erection of a gasoline filling station. Decree for plaintiff. Defendant appeals. Reversed.

*W. Glenn Cowell,* for plaintiff.

*Weage & Andrews,* for defendant.

WIEST, J. Defendant company wanted to establish a gasoline filling station on certain premises in the city of Coldwater and, to that end, purchased the premises under land contract, paid $100 on the contract price of $3,500, and agreed to pay the balance if not prevented from its purpose by the city, and, if so prevented, then the land contract purchase could be abandoned and the vendor retain the $100. Defendant, without permit from the city, excavated for placement of storage tanks, and then was enjoined from further work under an injunction issued in a suit by the city in which it was claimed that such a station at that point violated an ordinance.

Alleging invalidity of the ordinance, defendant moved to dissolve the injunction. The court held the ordinance invalid but did not dismiss the suit because it involved preservation of some trees on the street and prevented cutting the curb of the pavement. Thereupon a new and valid ordinance was enacted and restraint thereunder sought by the city. The court enjoined defendant from erecting and maintaining a gasoline and oil filling station on the premises without first applying for and obtaining a permit.

Defendant reviews by appeal, and in its behalf it is contended that its acts toward erection of the station, not being in violation of a valid ordinance, were

under vested property rights and therefore could not be interfered with by the subsequent ordinance.

Counsel for defendant claim that the void ordinance carried no restraint and, therefore, when defendant purchased the premises there was no restriction on use thereof, and when it started and made legitimate use and expended money thereon its right to continue was a vested one and beyond subsequent restraint by the later ordinance.

The president of defendant corporation testified:

"The contract provides for a purchase price of $3,500, of which we pay down $100. It also provides that in the event we are not able to use this property for the purpose of a filling station that we will not be obliged to pay the balance of the consideration, but would lose the down payment. In other respects, it is a regular land contract. Very soon after it was made on the 17th of December, 1936, we started to install pumps and tanks. We brought over storage tanks of 1,000-gallon and 550-gallon capacity, hired four men, three of whom were from Coldwater, the other being our installation man from Adrian, and started to work. We installed the tanks and would have gone further only that they served an injunction against us. We had to excavate to install the tanks. * * *

"I imagine it would cost about $100 to take out the tanks, return them to the storage warehouse and refill and regrade and seed the premises. We had not covered the tanks or made any plumbing connections."

We are constrained to hold that use of the premises was unrestricted when defendant purchased and started the work of establishing a gasoline station thereon, and interference therewith by injunction under a void ordinance and stoppage of legitimate use thereof does not remit the question of vested rights to be governed by the quantity of use actually

accomplished. The ordinance, enacted after legitimate use of the premises for a gasoline filling station was actually commenced, may not be given retroactive effect. *Adams* v. *Kalamazoo Ice & Fuel Co.,* 245 Mich. 261. Considering what defendant had done and the purpose of doing it before the unjustified restraint was imposed, stopping further work, we think the instant case falls within the exception noted in *City of Lansing* v. *Dawley,* 247 Mich. 394.

Cutting of trees and breaking the curb of the pavement, if found necessary to the use of the gasoline filling station, will call for a permit at a later time and need not now be passed on.

The decree in the circuit court is reversed and the bill dismissed, with costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, and MCALLISTER, JJ., concurred. CHANDLER, J., did not sit. NORTH, J., took no part in this decision.