KEATING INTERNATIONAL CORPORATION v ORION
TOWNSHIP

1. ZONING—ORDINANCES—AMENDED ORDINANCES—NOTICE—ENABLING
ACT—STRICT ADHERENCE.

An amended zoning ordinance was invalid where a standard
notice form posted on the property designated to be rezoned
failed to state the time, place, or date of the hearing at which
such rezoning was to be considered as was required by statute,
because failure to strictly adhere to the requirements of an
enabling act voids any zoning ordinance passed pursuant to
that enabling act (MCLA 125.284).

2. ADMINISTRATIVE LAW—EVIDENCE—APPEAL AND ERROR.

The actions of administrative agencies, such as a township plan-
ning commission, must be upheld upon judicial review so long
as those actions are based upon competent, material, and
substantial evidence on the whole record.

3. ZONING—PLANNING COMMISSION—SITE PLAN—EVIDENCE—JUDICIAL
REVIEW.

A trial judge correctly ruled that a township planning commis-
sion's rejection of a site plan, which had to be approved prior to
issuance of a building permit, was not based on competent,
material, and substantial evidence where the record indicates
that every objection to the site plan raised by the commission
over an 11-month period was overcome by modification of the
site plan (Const 1963, art 6, § 28).

Appeal from Oakland, William R. Beasley, J.
Submitted Division 2 December 11, 1973, at Lans-
ing. (Docket No. 16250.) Decided January 14, 1974.
Leave to appeal granted, 392 Mich —.

Complaint by Keating International Corporation
and others against Orion Township and others for

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 169 *et seq.*
[2, 3] 58 Am Jur, Zoning § 194 *et seq.*

superintending control to compel the issuance of building permits. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Munde & Hudson (Brennan & Bibeau, P. C.,* of counsel), for plaintiffs.

*Hartman, Beier, Howeltt, McConnell & Googasian,* for defendants.

Before: J. H. GILLIS, P. J., and R. B. BURNS and R. H. CAMPBELL,* JJ.

R. B. BURNS, J. Each of the three plaintiffs herein owns a parcel of land in Orion Township, Oakland County, Michigan; the three parcels are contiguous. On June 2, 1971, plaintiffs submitted to the Orion Township Planning Commission for its approval separate site plans for the construction of condominiums on their respective parcels. At that time the property was zoned for multiple residential use and had been so zoned since 1966; however, the zoning ordinance required submission and approval of a site plan prior to the issuance of a building permit. At the request of the planning commission plaintiffs consolidated their planned developments and submitted a unified site plan. Over the next nine months, during several meetings between plaintiffs, the planning commission, and other interested parties, numerous objections to the proposed development were voiced. The site plan was modified several times to overcome those objections. On April 5, 1972, the commission tabled the site plan "for further study" because of three objections to the plan and two unanswered questions about the plan. The site plan was again modified to overcome the objections. Nonetheless,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rather than consider the acceptability of the modifications, the planning commission, at a meeting on April 19, 1972, voted to postpone further action on plaintiffs' site plan until after a public meeting of the township board scheduled for May 2, 1972. On April 28, 1972, plaintiffs commenced this action for an order of superintending control compelling approval of the site plan as modified and the issuance of building permits.

Prior to the April 19th meeting of the planning commission, residents of the area circulated petitions requesting that the parcels owned by plaintiffs be rezoned single family residential. It was in response to that petition drive, which was highly successful, that the township board scheduled a public hearing on May 2, 1972. On May 3, 1973, at a regularly scheduled meeting, the planning commission was informed by its professional consultant that plaintiffs' modification of the site plan overcame the commission's three objections of April 5th. The consultant also informed the commission that one of its unanswered questions had been satisfactorily resolved, but that he had not attempted to resolve the other question. In spite of the consultant's favorable report, the commission formally rejected plaintiffs' site plan. Then, the commission set May 31, 1972, as the date for a public hearing on the proposed rezoning of plaintiffs' property. On June 20, 1972, plaintiffs' property was rezoned single family residential.

The trial judge refused to allow defendants to plead as a defense the amended zoning ordinance. He then issued the order of superintending control, holding that the plaintiffs had "complied with all of the requirements of the statutes and ordinances, including the various and sundry special requirements imposed" by the Orion Township

Planning Commission. The commission appeals, claiming that it was error for the trial judge to exclude from the case the amended zoning ordinance and that the evidence on the record justified the commission's rejection of plaintiffs' site plan even under the prior ordinance. We agree with the commission that it was error to exclude the amended ordinance from this case. *Lansing v Dawley,* 247 Mich 394; 225 NW 500 (1929). Nonetheless, we affirm the issuance of the order of superintending control.

However, we hold that the amended ordinance is an invalid ordinance and does not control the use to which plaintiffs may put their land. At the time plaintiffs' property was rezoned the enabling act then in effect, 1961 PA 225, § 14; MCLA 125.284; MSA 5.2963(14), required that "[i]f an individual property is proposed for rezoning, the property shall be conspicuously posted * * * stating the time, place, date and purpose of the hearing". The notice posted on plaintiffs' property designated the property to be rezoned, but it did not state the time, place or date of the hearing at which such rezoning was to be considered. Failure to strictly adhere to the requirements of an enabling act voids any zoning ordinance passed pursuant to that enabling act. *Boron Oil Co v Southfield,* 18 Mich App 135; 170 NW2d 517 (1969), *lv app den,* 382 Mich 788 (1969); and *Haven v Troy,* 39 Mich App 219; 197 NW2d 496 (1972). Therefore, because of someone's failure to fill in the blanks on a standard notice form, the attempt to rezone plaintiffs' property is void.

The actions of administrative agencies, *e.g.,* township planning commissions, must be upheld upon judicial review so long as those actions are based upon "competent, material and substantial

evidence on the whole record". Const 1963, art 6, § 28; *Viculin v Department of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971). The trial judge herein correctly ruled that the Orion Township Planning Commission's rejection of plaintiffs' site plan was not based upon competent, material and substantial evidence. The record indicates that every objection to plaintiffs' site plan raised by the commission over an 11-month period was overcome by modification of the site plan.

Affirmed. No costs, public question.

All concurred.