KEATING INTERNATIONAL CORPORATION v ORION
TOWNSHIP

Docket No. 55668. Argued January 7, 1975 (Calendar No. 4).—Decided
December 18, 1975.

Keating International Corp, Igleheart, Inc., and Bing Construc-
tion Co. each own a parcel of land which was zoned multiple
residential; the parcels are adjacent. Each filed a site plan for
multiple development with the Orion Township Planning Com-
mission, and after a series of meetings with the commission
and changes in the plans to overcome objections, they com-
menced an action for an order of superintending control to
compel approval of the site plans and for money damages.
After the action was commenced, the commission rejected
plaintiffs' site plans and arranged for a public hearing on a
proposed rezoning from multiple to single-family residential,
and plaintiffs' property was rezoned single-family residential.
The Oakland Circuit Court, William R. Beasley, J., restricted
the issue solely to the validity of defendants' denial of site plan
approval, ruling that evidence of rezoning would be inadmissi-
ble at trial because the township's conduct demonstrated bad
faith and unjustified delay. The court issued an order in the
nature of mandamus compelling approval of the site plan. The

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 6] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 393, 395, 410–413.
58 Am Jur, Zoning § 169 et seq.
[2] Zoning: Creation by statute or ordinance of restricted residence
districts from which business buildings or multiple residences are
excluded. 86 ALR 695, s. 117 ALR 1117.
[3, 5] 16 Am Jur 2d, Constitutional Law §§ 10, 210–215, 393.
[4, 5] 58 Am Jur, Zoning §§ 16, 256.
[7] 52 Am Jur 2d, Mandamus § 31 et seq.
[8, 9] 73 Am Jur 2d, Statutes § 347 et seq.
58 Am Jur, Zoning § 146.
[10, 11] 58 Am Jur, Zoning § 149.
[11] 58 Am Jur, Zoning § 173 et seq.
[12, 13] 58 Am Jur, Zoning § 229 et seq.
[13] 52 Am Jur 2d, Mandamus § 456.
61 Am Jur 2d, Pleading § 305 et seq.

Court of Appeals, J. H. Gillis, P. J., and R. B. Burns and R. H. Campbell, JJ., affirmed (Docket No. 16250). Defendants appeal. *Held:*

1. It was not error for the trial court to exclude the amended ordinance from this case. The decision to admit or exclude ordinance amendments during litigation is one which rests entirely within the sound discretion of the trial court. It was a proper exercise of discretion to refuse to admit the amended zoning ordinance at trial because the township's conduct was viewed as demonstrating bad faith and unjustified delay.

2. The record is devoid of competent, material and substantial evidence which would justify the township's rejection of plaintiffs' site plan approval.

Affirmed.

Williams, J., dissented and voted to reverse, saying that evidence of the rezoning of plaintiffs' property was improperly excluded by the trial court. Enactment or amendment of a zoning ordinance is a legislative function, and the ordinance must be treated just like any other statute for purposes of judicial review. A court may not choose to disregard a zoning ordinance just as it may not choose to disregard any other validly enacted legislation, and by excluding evidence of the rezoning of plaintiffs' property, the trial court in effect nullified the amended ordinance by an evidentiary ruling. The plaintiffs made no showing that they had commenced sufficient work on the land to create a vested right in the use prior to amendment, which may not be destroyed by passage of the amendment. The trial court should have ruled on the propriety of the zoning ordinance amendment. A court may properly permit amendment of the pleadings to make the validity of new zoning ordinance amendments an issue. The Court of Appeals erroneously found that the notice of rezoning was deficient on the basis of a record which was not fully developed on this issue or on any other issue relating to the validity of the rezoning.

51 Mich App 122; 214 NW2d 551 (1974) affirmed.

OPINION OF THE COURT

1. ZONING—ORDINANCES—AMENDMENTS—EVIDENCE—DISCRETION.

The decision to admit or exclude an amendment of a zoning ordinance adopted during litigation over the ordinance rests entirely within the sound discretion of the trial court.

2. ZONING—ORDINANCES—AMENDMENTS—EVIDENCE—DISCRETION.

A trial court properly exercised its discretion in ruling that

evidence of rezoning of plaintiffs' land would be inadmissible at trial because defendant township's conduct demonstrated bad faith and unjustified delay where plaintiffs' land had been zoned multiple residential, they had submitted site plans for a multiple residential development and had complied with all the requirements of statutes and ordinances, including various special requirements imposed by the township planning commission, about 11 months after first submitting the plans they commenced an action for mandamus to compel approval, and after the action was filed the township rejected the plans and amended the zoning ordinance to rezone plaintiffs' land to single-family residential, and where the record is devoid of competent, material, and substantial evidence which would justify rejection of the site plans.

DISSENTING OPINION

WILLIAMS, J.

3. COURTS—LEGISLATIVE BODIES—CONSTITUTIONAL LAW—SEPARATION OF POWERS.

*The judiciary may not encroach upon the functions of legislative bodies; while it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so.*

4. ZONING—ORDINANCES—PRESUMPTIONS—VALIDITY.

*Enactment or amendment of a zoning ordinance is a legislative function, and such an ordinance is clothed with every presumption of validity; it is the burden of the party attacking the ordinance to prove affirmatively that it is an arbitrary and unreasonable restriction upon the owner's use of his property.*

5. ZONING—ORDINANCES—COURTS—CONSTITUTIONAL LAW—SEPARATION OF POWERS.

*A court may not choose to disregard a properly enacted zoning ordinance just as it may not choose to disregard any other validly enacted statute; choosing to exclude evidence of an amendment to a zoning ordinance which rezoned a plaintiff's property in effect nullified that amendment and is just as improper as judicial interference in the passage of legislation.*

6. ZONING—ORDINANCES—AMENDMENTS.

*Excluding consideration of all evidence of an amendment to a zoning ordinance enacted before trial in an action seeking to compel approval under the ordinance before amendment of site plans for multiple development was erroneous.*

7. MANDAMUS—DISCRETION.

   *The writ of mandamus is one of grace and is awarded not by right but by discretion of the court.*

8. MANDAMUS—DUTY TO ACT—CONTROLLING LAW.

   *Mandamus lies only where a plaintiff has a clear legal right to performance of the specific duty sought to be compelled and the defendant must have the clear duty to perform the act; the law to be applied is that which is in effect at the time of hearing and decision.*

9. ZONING—ORDINANCES—CONTROLLING LAW.

   *A court must apply to property in dispute the law of the zoning ordinance in effect at the time of decision.*

10. ZONING—ORDINANCES—NONCONFORMING USE—VESTED RIGHT.

    *A zoning ordinance is not effective for a particular piece of property if the landowner has a vested right in the prior nonconforming use through work done of a substantial character which has made a tangible change in the land itself by excavation or construction when the ordinance is enacted.*

11. ZONING—ORDINANCES—NONCONFORMING USE—VESTED RIGHT.

    *A vested property interest acquired before a zoning ordinance is enacted may not be destroyed by passage of that ordinance; owners of the property interest must make a showing that they have completed sufficient work on the land to create such vested rights, and mere investment in the acquisition of the land for an intended use is not sufficient to create a vested right.*

12. ZONING—ORDINANCES—VALIDITY.

    *A party must first challenge the validity of a zoning ordinance in a proceeding where the ordinance would affect the result and the court must resolve that issue on a fully developed record before it can hold that the ordinance is ineffective.*

13. ZONING—ORDINANCES—AMENDMENTS—PLEADING.

    *A trial judge may properly permit amendment of the pleadings in a suit for mandamus where a zoning ordinance amendment becomes an issue prior to trial to make the validity of the amendment an issue; after full development of the record if the trier of fact should find the amendment invalid, the law of the former valid ordinance controls.*

*Aikens, Hudson, Munde & Ohlgren, P. C. (Brennan & Bibeau, P. C.,* of counsel) for plaintiffs.

*Hartman, Beier, Howlett, McConnell & Googasian* for defendants.

J. W. FITZGERALD, J. This case involves a controversy between contiguous landowners who seek to develop a multiple residential use and a township planning commission which opposes such development.

The three plaintiffs each own a parcel of land in Orion Township, Oakland County, zoned multiple residential. On June 2, 1971, each filed a site plan for multiple development with the Orion Township Planning Commission. These plans were reviewed on June 16, 1971, by the commission and found to require further work regarding traffic patterns. The plans were considered again on July 21, 1971, and referred back to the developers and individual planners requiring them to provide an easement of right-of-way in order to accommodate traffic from the units to be built on the three parcels subject to the township approval. A special meeting was held for the Keatington Home Owners Association during which the members voiced their objections[1] to the proposed condominium construction.

These objections were again raised at the commission meeting conducted August 4, 1971, which resulted in the tabling of the three site plans for further study of the location and design of driveways providing ingress and egress from the sites, traffic circulation features, safety, and the harmon-

---

[1] The objections included: (1) mass removal of 100-year-old oak trees for commercial exploitation; (2) road placement adjacent to 25 rear lots; (3) unacceptable increase in density; (4) decrease in property value; (5) destruction of ecological balance; (6) creation of hazards and nuisance; (7) property damage; (8) destruction of esthetic value of the lake shoreline.

ious relationship between the site development and the adjacent neighborhood. Several additional meetings were conducted during which numerous objections to the proposed development were raised. The site plans were modified in each instance to overcome the objections and the three plans were ultimately consolidated. These plans were again tabled on April 5, 1972, for the following reasons:

1. Site plan area must have a continuous green belt.

2. Two streets must be designated stub streets with breakaways for emergency use only.

3. Wall must be constructed around the beach area.

4. Insufficient time to study additional recreational areas indicated on site plan No. 8.

5. No report received from the engineering firm studying the question of proper acreage involved in this multiple site.

The site plan was again modified to overcome the objections, but the planning commission, on April 19, voted to postpone further action until after a meeting of the township board scheduled for May 2, 1972. The subject to be discussed was the rezoning of the three parcels from multiple to single-family residential.

Plaintiffs commenced an action for an order of superintending control on April 28, 1972, seeking a writ of mandamus to compel approval of the site plan, money damages, and an order to show cause why the requested writ should not be issued. Five days later, on May 3, the planning commission, during a regularly scheduled meeting, was informed by its professional consultant that plaintiffs' modification of the site plan satisfied four of the five objections raised earlier, leaving only the

matter of designated areas for recreation to the
planning commission. However, the commission
rejected plaintiffs' site plan and arranged for a
public hearing on the proposed rezoning from
multiple to single-family residential on May 31.[2]
On June 20, 1972, at a third public hearing, plain-
tiffs' property was rezoned single-family residen-
tial.

In response to plaintiffs' action, defendants filed
a return to the order to show cause on May 12.
Plaintiffs then filed an amended complaint re-
questing that defendants be permanently enjoined
from interfering with the designated use assigned
to the parcels zoned multiple residential. Defend-
ants responded with a motion for summary judg-
ment seeking dismissal "on the grounds that the
only evidence before them was that issuance of
site plan approval would not assure safety and
convenience of both vehicular and pedestrian
traffic both within the site and in relation to
access streets". This motion was denied. The trial
court declined to enjoin defendants from rezoning,
but did rule that evidence of such rezoning would
be inadmissible at trial. The issue was restricted
solely to the validity of defendants' denial of site
plan approval. Following defendants' answer to
plaintiffs' amended and supplemental complaint,
both parties filed and were denied motions for
summary judgment.

At the conclusion of trial, the court issued an
order in the nature of mandamus compelling ap-
proval of the site plan. The court found that
plaintiffs had "complied with all the requirements
of the statutes and ordinances, including the vari-
ous and sundry special requirements imposed by

[2] This proposal evolved from a public hearing conducted by the
Orion Township Board the preceding day.

the defendant Planning Commission". The commission's denial of the site plan was found to exceed their constitutional and statutory powers, was abusive of discretion, and was not based upon material, relevant, and substantial evidence.

The Court of Appeals affirmed the issuance of an order of superintending control on the basis that the zoning ordinance was invalidated because the property in question was not "conspicuously posted * * * stating the time, place, date, and purpose of the hearing" in compliance with MCLA 125.284; MSA 5.2963(14). The Court agreed with the commission that it was error to exclude the amended ordinance from the case, but considered the commission's rejection of the site plan as not based upon competent, material, and substantial evidence.

We make no judgment as to the correctness of the decisional basis stated by the Court of Appeals. The validity or invalidity of the zoning ordinance amendment as determined by the proofs submitted in the separate record need not be decided since we base our decision upon the proper exercise of the trial court's discretion in refusing to admit at trial an amended zoning ordinance where the prior site plan rejection was not based upon competent, material, and substantial evidence.

Defendants object to the trial court's determination "prior to trial and prior to pleading" that a zoning ordinance amendment, the validity of which remains unchallenged, would be inadmissible at trial on the equitable grounds of "simple fairness". They reconcile two apparently discordant results in *Willingham v Dearborn,* 359 Mich 7; 101 NW2d 294 (1960), and *Franchise Realty Interstate Corp v Detroit,* 368 Mich 276; 118 NW2d 258 (1962), by focusing upon whether the

amendment was properly pleaded and in effect at
the time of trial. A distinction is drawn between
the proper exercise of judicial discretion in permit-
ting pleadings to be amended and the arbitrary
decision to exclude from evidence prior to trial a
properly amended ordinance. Plaintiffs disagree,
arguing that equitable principles require that the
trial court be permitted to exercise discretion as to
the admissibility of a manufactured defense subse-
quent to plaintiffs' petition for mandamus. Reject-
ing slavish adherence to *City of Lansing v Dawley,*
247 Mich 394; 225 NW 500 (1929), plaintiffs con-
tend that present day requirements of effort and
funds prior to and concomitant with site plan
approval and building construction render ana-
chronistic the "vested right" test set forth in *Daw-
ley* which determines whether an amended ordi-
nance can divest the right of a landowner to
develop his property.

In our view, it was not error for the trial court
to exclude the amended ordinance from this case.
The Court, in *Willingham, supra,* excluded from
consideration defendant's pleadings and a pretrial
statement which reflected an amended zoning ordi-
nance imposing set-back requirements which was
non-existent at the pretrial conference. The basis
for this ruling was that "injustice to plaintiff
might have resulted from any such last-minute
order providing a defense which did not exist
when the petition was filed". 359 Mich 7, 10; 101
NW2d 294, 296 (1960).

In *Franchise, supra,* decided almost three years
later, plaintiff applied for a permit authorizing
construction of a "drive-in" restaurant on a parcel
then permitting such construction. Approximately
one month later, plaintiff was advised by the city's
building department that no permit would be is-

sued due to the filing of a petition to rezone the land. Approximately seven weeks later, plaintiff filed a petition for mandamus compelling issuance of the permit. One week later, the hearing of an order to show cause was adjourned as a result of a prior public hearing which amended the ordinance prohibiting plaintiff's intended use of such parcel. Defendants amended their answer to include the amendatory ordinance as a defense. Plaintiff's petition was dismissed at trial because the amended pleadings were presented prior to the pretrial stage and with the unqualified satisfaction of all parties.

These distinctions, however, did not control the overriding principle that the decision to admit or exclude ordinance amendments during litigation is one which rests entirely within the sound discretion of the trial court. In *Franchise,* the Court clearly indicated that the lower court could have, in the exercise of its discretion, excluded the amended ordinance:

"The circuit court might well—of discretion and upon authority of *Willingham*—have done here what the same court did in *Willingham.* It did not do so, however, and so the presented questions are controlled by *City of Lansing v Dawley,* * * * ."[3]

The discussion in *Franchise* following the above-quoted passage indicates that mandamus proceedings are governed by equitable principles and are decided by conditions existing at the time of hearing and determination rather than at the time the proceedings were initiated. Having ruled that the amended ordinance was admissible, the Court applied the "law" controlling at the time of hearing and determination. However, the critical point in

[3] 368 Mich 276, 279; 118 NW2d 258, 259 (1962).

the instant case remains that the amended ordinance was excluded from the evidence because the trial judge viewed the township's conduct as demonstrating bad faith and unjustified delay. Further, the record appears devoid of competent, material and substantial evidence which would justify the township's rejection of plaintiffs' site plan approval. The Court of Appeals agreed with this determination and our review of the record supports this finding.

The order of the trial court is affirmed. No costs, a public question.

T. G. KAVANAGH, C. J., and LEVIN and COLEMAN, JJ., concurred with FITZGERALD, J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.

WILLIAMS, J. *(to reverse and remand)*. This is a difficult zoning case, in which plaintiffs' success appears ultimately to rise or fall on the validity of the township's rezoning plaintiffs' property after trial began. The issue, however, is further complicated by the trial court's refusal to consider evidence of this rezoning. I would hold that the zoning ordinance was improperly precluded and that the trial court should have ruled on the propriety of the zoning amendment. I would also find the Court of Appeals incorrectly found the notice for rezoning was deficient. I would remand for a new trial.

## I—FACTS

Plaintiffs are contiguous landowners of property in Orion Township. On June 2, 1971, when the properties were zoned multiple residential, each

plaintiff made the first of a series of attempts to have the Orion Township Planning Commission approve separate site plans for the construction of condominiums on the parcels of land. The zoning ordinance required such submission and approval before a building permit could be issued. Plaintiffs then acceded to the commission's request to consolidate their developments and submitted a unified site plan. Nine months of negotiations followed, during which the planning commission, with the assistance of the township planning consultant, suggested changes in the site plan, and plaintiffs modified the plan accordingly.

On March 8, 1972, following a report by this consultant, the commission "looked at" the revised multiple site plan. One week later, the commission held what the trial court characterized as "an extensive public hearing", during which the home-owner's group submitted a letter in which an engineer concluded that, based on his estimates of traffic volume, the present road geometrics were inadequate.

On April 5, 1972, the commission tabled approval of the site plans for further study for the following reasons:

"1 — Your whole site plan area must have a continuous green belt.

"2 — Keats Lane and Ankley Lane are to be stub streets with breakaways for emergency use *only*.

"3 — There must be a wall around the beach area.

"4 — Our Planning Commission has not had sufficient time to study the additional recreation areas indicated on site plan 8.

"5 — Our Planning Commission has not yet received a report from Johnson & Anderson concerning the question of the proper acreage involved in this multiple site."

All but number 4 were resolved by the time of a regularly scheduled meeting of the planning commission on July 3. In the interim, however, other events occurred.

On April 19, 1972 the planning commission decided to take no further action on the site plan to await further direction from the township board.

On April 28, plaintiffs commenced suit.

On May 2, the township board held a public hearing in response to petitions circulated requesting rezoning of the property from multiple to single residence use.

On May 3, at its regularly scheduled meeting, the commission rejected the site plan. It also scheduled a public hearing on the proposed rezoning for May 31.

On June 1, plaintiffs filed an amended complaint, raising for the first time the prospect of the property's being rezoned. They requested that defendants be permanently enjoined from interfering with plaintiffs' use of the property for multiple residential purposes. A supplement to the amended complaint filed on June 12 argued that the planning commission abused its discretion by rejecting the site plan.

On June 16, the trial court denied the motion for a preliminary injunction, but excluded evidence of any rezoning at trial.

On June 20, the township rezoned the property from multiple to single residence use.

On June 26, the township filed a notice for summary judgment, arguing that there was no abuse of discretion in rejecting the site plan since there were facts indicating the roadway was inadequate and that the property was then zoned for single family use.

The motion for summary judgment was denied, and the township filed an answer to the amended complaint and a supplement to the amended complaint, again observing that the property was now zoned for single family use. The same contention was made in another motion for summary judgment filed on August 8. Trial commenced on September 18.

The court restricted argument to whether plaintiffs could compel planning commission approval of the site plan, despite defendants' claim that the rezoning defeated plaintiffs' claim, since the property could now be used for single residences only. Although the judge permitted defendants to make a separate record to admit evidence of the new zoning ordinance, he specifically stated that the validity of this ordinance was not an issue.

The court found that the delay and constant changes occasioned by the planning commission's consideration of the site plan deprived plaintiffs of due process of law, and that there was not in the record any material, relevant, or substantial evidence to support the commission's denial, as required by Const 1963, art 6, § 28.[1] As for the rezoning, the court applied *Mobil Oil Corp v Clawson,* 36 Mich App 46; 193 NW2d 346 (1971); *Franchise Realty Interstate Corp v Detroit,* 368 Mich 276; 118 NW2d 258 (1962); and *Willingham v Dearborn,* 359 Mich 7; 101 NW2d 294 (1960), and found that its equitable jurisdiction permitted it to

---

[1] Const 1963, art 6, § 28 provides in pertinent part:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

determine that because defendant abused its discretion, "it would be inequitable and unfair to allow it to defeat plaintiffs' rights to have the site plan approved". The court therefore found that plaintiffs could have an order in the nature of mandamus compelling approval of the site plan.

The Court of Appeals, 51 Mich App 122; 214 NW2d 551 (1974), citing *City of Lansing v Dawley*, 247 Mich 394; 225 NW 500 (1929), found that it was error for the trial judge to exclude the amended zoning ordinance from the case. The court held, however, that the amended ordinance was invalid because the notice[2] posted on plaintiffs' property failed to state the time, place or date of the rezoning hearing as required by 1961 PA 225, § 14. Such failure to strictly adhere to the terms of the enabling act voids the ordinance. Once they found the rezoning void, the Court then reviewed the actions of the planning commission, finding that its rejection was not based upon competent, material and substantial evidence. The trial court was therefore affirmed. We granted leave to appeal June 27, 1974. 392 Mich 764 (1974).

## II—EFFECT OF REZONING

I concur with the Court of Appeals and find that the trial judge erred in failing to consider the amended zoning ordinance.

"A fundamental principle scrupulously observed by the courts is that the judiciary may not encroach upon the functions of the legislature, or usurp its powers. * * * Since the power to make, alter, or repeal laws is

---

[2] This notice had been offered by defendants as part of the separate record. At that time, the clerk observed that the time, place and date of the rezoning hearing must have been written on the card with a felt marker and had probably faded, which, she quickly added, was not her fault.

legislative, the courts will not encroach upon the domain of a co-ordinate department of the government by judicial enlargement, abridgment, alteration, or repeal of legislative enactments." 16 Am Jur 2d, Constitutional Law, § 225, p 471 (notes omitted).

"While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so one way or another." *Northwood Properties Co v Royal Oak City Inspector,* 325 Mich 419, 423; 39 NW2d 25 (1949).

When the township board enacts or amends a zoning ordinance, it performs a legislative function. *Randall v Meridian Twp Board,* 342 Mich 605; 70 NW2d 728 (1955). Such an ordinance is "clothed with every presumption of validity * * * [I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property * * * ". *Kropf v Sterling Heights,* 391 Mich 139, 162; 215 NW2d 179, 189 (1974), quoting from *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957).

This zoning ordinance must be treated just like any other statute for purposes of judicial review. A judge will not determine whether someone has violated a traffic ordinance by choosing to exclude evidence of the ordinance, and will not determine which of two statutes apply in a given case by refusing to hear evidence on one. A court may not choose to disregard a zoning ordinance just as it may not choose to disregard any other validly enacted statute. There is no justification for treating properly enacted legislation by a township board or a municipal council differently from such actions by a state legislature or Congress

In the instant case, the trial court properly refused to interfere in the legislative process and

did not enjoin the township from enacting an amended ordinance. *Randall, supra,* 342 Mich 605, 608. Interference after the passage of a law is just as improper. By choosing to exclude evidence of the rezoning of plaintiffs' property, the court in effect nullified that law.

Had plaintiffs chosen to challenge validity of the ordinance, and had the court, after reviewing the evidence found it unconstitutional, then, of course, the ordinance would have been of no effect. The second step, however, may not be taken before, or instead of, the first.

In the instant case, the judge specifically excluded all evidence of the ordinance, even that pertaining to its validity.[3] Therefore, as a consequence of the trial, the constitutionality of the rezoning was never affected, nor even challenged. As the ordinance still stands, it must be given effect, and may not be disregarded, even by an evidentiary ruling. Therefore, it was error for the trial judge to so exclude consideration of the ordinance.

### III—EFFECT OF AMENDING ORDINANCE DURING TRIAL

The writ of mandamus is one of grace, and is awarded, not by right, but by discretion of the court. *Schwartz v Secretary of State,* 393 Mich 42;

---

[3] As part of the separate record, for example, the court observed:

"[I]n the court's opinion there is not any necessity to determine the validity of the attempted purported rezoning. Consequently, the request on the part of counsel for defendant to offer further proofs will be denied, but I have no objection, Mr. Googasian, if you want to offer and place such proofs on a separate record."

Later on, in that same proceeding, the judge reiterated,

"[E]verybody understands, don't they, that this is not going to be a trial on the merits today of the validity of the rezoning, attempted or purported rezoning, of this property from multiple use to single residence use?"

222 NW2d 517 (1974). Mandamus lies only where plaintiffs "have a clear legal right to performance of the specific duty sought to be compelled, and the defendants must have the clear legal duty to perform such act". *Janigian v Dearborn,* 336 Mich 261, 264; 57 NW2d 876, 887 (1953).

"The superintending court does not substitute its judgment or discretion for that of the magistrate". *People v Flint Municipal Judge,* 383 Mich 429, 432; 175 NW2d 750, 751 (1970).

"The ultimate power is vested in the council, and its good faith in acting for the public welfare cannot be questioned by the judicial branch of government." *Gratton v Conte,* 364 Pa 578; 73 A2d 381, 384 (1950), quoted in *Tel-Craft Civic Ass'n v Detroit,* 337 Mich 326, 331; 60 NW2d 294 (1953).

Thus, ordinarily, these two principles operate in an action for superintending control for relief in the nature of mandamus, to create a general rule that the law to be applied is that of "the time of hearing and determination". See also, *Klyman v City of Troy,* 40 Mich App 273, 277; 198 NW2d 822, 824 (1972). "[T]he law to be applied is that which was in effect at the time of decision." Therefore, the court must apply to the property in dispute the law of the zoning ordinance then in effect.

However, if a zoning ordinance has been amended, a court will not give effect to that ordinance as it affects a particular piece of property if the landowner has a vested right in the prior use. In order to fall within this exception, the work done must be of a substantial character. *City of Lansing v Dawley,* 247 Mich 394, 397; 225 NW 500 (1929).

"Evidently the test in each case as to whether a holder of a permit has acquired vested rights thereunder is, not whether he has spent much or little in reliance upon it, but rather whether there has been any tangible change in the land itself by excavation and construction." *Rice v VanVranken,* 229 NY Supp 32, quoted in 247 Mich 394, 397.

"[T]he critical point in vesting of a nonconforming use is when a zoning ordinance is enacted." *Dingeman Advertising, Inc v Algoma Twp,* 393 Mich 89, 103; 223 NW2d 689, 694 (1974).

We therefore must consider what plaintiffs had already done on the land to determine whether this case falls within the *Dawley* exception, inasmuch as a vested property interest acquired before a zoning ordinance is enacted may not be destroyed by passage of that ordinance. *Coldwater v Williams Oil Co,* 288 Mich 140, 143; 284 NW 675, 676 (1939). However, plaintiffs make no showing that they had commenced, much less completed, sufficient work on the land to create such vested rights. *Rodd v Palmyra Twp,* 42 Mich App 434, 437; 202 NW2d 446, 448 (1972).

"Mere investment in the acquisition of the land for an intended use is not sufficient to create a vested right." *Detroit Edison Co v Wixom,* 382 Mich 673, 685; 172 NW2d 382, 386 (1969).

Therefore, since plaintiffs do not have vested rights sufficient to fall within *Dawley,* and the rule of mandamus actions is to apply the law in effect at the time of decision, plaintiffs now look to *Willingham v Dearborn,* 359 Mich 7; 101 NW2d 294 (1960), and *Franchise Realty Interstate Corp v Detroit,* 368 Mich 276; 118 NW2d 258 (1962), in which they say the question of the effect of a zoning ordinance amended during the pendency of

trial. proceedings was resolved by allowing the trial judge to use his discretion to permit or to prohibit amendment of pleadings. GCR 1963, 118.1.

As the Court of Appeals, when faced with a similar issue in *Klyman v City of Troy, supra,* 40 Mich App 273, 278–279, well described the facts in the *Willingham* and *Franchise* cases:

"The case of *Willingham v City of Dearborn,* 359 Mich 7 (1960), points out another exception to the rule. In *Willingham,* the city denied plaintiff a building permit even though the zoning ordinance did not forbid the construction proposed by the plaintiff. The plaintiff then brought an action for mandamus. The defendant answered and a pretrial conference was held. On the day set for a hearing on the merits the defendant sought leave to amend its pleadings to raise a defense based on a new ordinance. The trial court refused to allow the amendment and the Supreme Court affirmed.

"The later case, *Franchise Realty Interstate Corporation v City of Detroit,* 368 Mich 276 (1962), involves similar facts. However, the trial court allowed amendment of the pleadings. At p 279, the Supreme Court distinguished *Willingham, supra,* in the following manner:

" 'This case is a substantial duplicate of *Willingham v City of Dearborn,* 359 Mich 7 (1960). There is a decisive difference, however. In *Willingham* the discretion of the trial judge was inclined against permission to amend *tarde* the pretrial statement, also the defendant city's answer, so as to include a defense manufactured by amendment of the city's zoning ordinance after the property owner's petition for mandamus had been filed. Here, the answering and replicating pleadings were duly amended so as to bring squarely before the court a like defense which, at the time of filing of plaintiff's petition for mandamus, was nonexistent. Further, in the present case, the subsequently prepared and unamended pretrial statement recites unqualified satisfaction —all around—with such amended pleadings.

" 'The circuit court might well—of discretion and

upon authority of *Willingham*—have done here what the same court did in *Willingham*. It did not do so, however, and so the presented questions are controlled by *City of Lansing v Dawley,* 247 Mich 394 (1929). The *City of Lansing Case* holds that, even after issuance of permit, construction in pursuance of such permit is enjoinable when, prior to construction or fairly indicative. commencement of construction, an ordinance is enacted which [validly] bars what was lawfully authorized by the permit.' '' (Footnote omitted.)

In *Willingham,* a divided Court appeared to rely on the fact that the ordinance was not part of the pretrial summary, that modification of the summary was not urged to prevent manifest injustice, and that "injustice to plaintiff might have resulted from any such last-minute order providing a defense which did not exist when the petition was filed". 359 Mich 7, 10. The strong dissent by Justice CARR in that case noted, however,

"By the action of the trial judge defendant city was foreclosed from relying on the amendatory ordinance to which the general presumption of validity applies. * * * Certainly it is not the policy of the State of Michigan to permit evasions of valid and pertinent zoning ordinances in instances where no vested rights have been acquired by the property owner." 359 Mich 13, 15.

In *Franchise,* although we acknowledged that the circuit court might well have prevented amendment of the pleadings upon the authority of *Willingham,* we noted that the case was not governed by *Willingham* because the pleadings had been amended. We therefore did not have to discuss the rationale of *Willingham.* However, in the instant case, the facts are similar to *Willingham,* in that the trial court did not permit introduction into evidence of the amended ordinance. We there-

fore are faced with following *Willingham* or over-ruling it. I think for reasons well brought out by Justice CARR in his strong dissent, *Willingham* should be overruled.

It is urged that it is unfair to permit a municipality or township to change the rules once the game has started. It is, however, basic to our form of government that a court may not do indirectly what it is forbidden to do directly. Thus, a court cannot enjoin the Legislature from initially enacting a zoning ordinance. It also cannot then proceed to effectively nullify that ordinance by robbing it of its effectiveness merely by ignoring its existence.

Rather, the court must do what the judicial system was designed to do. We may not pass or repeal laws, but we may examine their validity.

In a proceeding where a zoning ordinance would affect the result, plaintiffs must challenge the validity of that ordinance and the court must resolve that issue on the record before it can hold that the ordinance is ineffective. This is what the trial court in the instant case specifically refused to do, and what the Court of Appeals tried to do for it, by finding that the property had not been properly posted and that the ordinance was there-fore invalid. However, because the record in this case was not fully developed on this issue, or on any other relating to the validity of the rezoning, I would find it was error for the Court of Appeals to do this.

*Willingham,* and its approval of the judge's discretion to permit or to prevent amendment of pleadings to do justice, must not be misused to short-circuit zoning proceedings. Thus, where zoning amendments become an issue, the trial judge may properly permit amendment of the pleadings

to make the validity of these amendments an issue. Then, after full development of the record if the trier of fact should find the amendment invalid, it then becomes proper to consider whether mandamus should lie, under the law of the former, now the only valid, ordinance.

To do otherwise would be to violate the requirement of finding a clear legal duty under existing law before mandamus will issue, and would find the court doing precisely what it may not do in such actions, deciding the fairness and wisdom of the law. That is not the appropriate nature of the discretion manifest in mandamus actions.

## CONCLUSION

I would find that, because the issue of the validity of the rezoning of plaintiffs' property was never properly litigated, we must reverse the Court of Appeals and the trial court and remand for a new trial. Since this question is dispositive of the matter before us, I would not now resolve whether there was in fact competent evidence on the whole record to justify rejection of plaintiffs' request for a permit under the old zoning ordinance.

No costs, a public question.